**John C. BERKERY**

v.

**UNITED STATES of America.**

**Civ. A. No. 90–4041.**

United States District Court,
E.D. Pennsylvania.

Nov. 30, 1990.

John C. Berkery, pro se.

Carol C. Priest, U.S. Dept. of Justice, Washington, D.C., for defendant.

**ORDER–MEMORANDUM**

LUDWIG, District Judge.

AND NOW, this 30th day of November 1990, defendant's motion to dismiss is granted.[1] Fed.R.Civ.P. 12(b)(1).[2]

In 1982, plaintiff John C. Berkery was assessed unpaid federal personal income taxes for the years 1980 and 1981.

**1.** Plaintiff also moves for default judgment based on defendant's failure to timely respond. Fed.R.Civ.P. 12(a). As shown by the certificate

of service, defendant's motion to dismiss was served by mail on October 5, 1990, three days before the expiration of the 60–day period provided in Rule 12(a). Plaintiff's motion will be denied.

**2.** This motion is treated as though filed under Fed.R.Civ.P. 12(b)(6). *See Pinewood Estates v.*

He challenged the assessment and judgment was entered against him for $623,596 in taxes and penalties. *Berkery v. Commissioner,* 91 T.C. 179 (1988), *aff'd,* 872 F.2d 411 (3d Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 176, 107 L.Ed.2d 133 (1989).

In this action, filed *pro se,* plaintiff now claims a refund, asserting that I.R.S. cannot support an assessment based upon criminal charges that were later dismissed with prejudice. He argues that the assessments were wrongly made, that a government witness committed perjury in the Tax Court proceedings, and that, inasmuch as these issues could not have been raised before, this claim is not barred by *res judicata.*

Under section 6512(a) of the Internal Revenue Code of 1954, after a taxpayer files a petition with the United States Tax Court, "no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court." 26 U.S.C. § 6512(a). "The jurisdictional bar of section 6512(a) operates to prohibit *any* action for taxes for that taxable year." *Solitron Devices, Inc. v. United States,* 862 F.2d 846, 848 (11th Cir.1989). "Section 6512(a) prohibits the taxpayer from instituting an action in district court after he has litigated his tax liability for [those years] in Tax Court. This is true despite the fact that the issue that the taxpayer desires to raise could not have been litigated because it depends upon facts that occurred subsequent to the Tax Court's decision." *Soli-*

tron, 862 F.2d at 849. *See also Markee v. Commissioner of Internal Revenue,* 1984 WL 3093, 1 (W.D.Pa. August 29, 1984) ("The argument that this court lacks jurisdiction to hear the plaintiff's claims is undisputable"); *Rhodes v. Commissioner of Internal Revenue,* 84–1 USTC 9284, 2 (M.D.Pa. January 27, 1984) ("Once a petition is filed with the Tax Court they have 'exclusive jurisdiction ... 26 U.S.C. § 6512(a), thereafter barring a refund suit in the district court.' *Dorl v. Commissioner,* 507 F.2d 406, 407 (2d Cir.1974)").

 Inasmuch as plaintiff has litigated his tax liability for 1980 and 1981 in tax court, this court is without jurisdiction to hear the case. For this reason, plaintiff's refund suit must be dismissed.[3]

---

*Barnegat Township Leveling Board,* 898 F.2d 347, 349–50 n. 4 (3d Cir.1990) (treatment under 12(b)(6) is "undoubtedly the correct approach"); *Lunderstadt v. Colafella,* 885 F.2d 66, 69–70 (3d Cir.1989) ("The threshold to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(1) is ... lower than that required to withstand a Rule 12(b)(6) motion"). In deciding a Rule 12(b)(6) motion, factual allegations of the complaint are to be accepted as true and reasonable factual inferences will be drawn to aid the pleader. *D.P. Enterprises v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,*

355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980).

**3.** Plaintiff may still move for reconsideration of findings or opinion, or to vacate or revise the tax court decision. 26 I.R.C. § 7453, Tax Court Rules 161, 162. A motion to reopen for additional proof is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). *See Pietanza v. Commissioner,* 1990 WL 141908, 2 (Oct. 2, 1990 Tax Court) ("It has been held that cases interpreting Rules 59 and 60 of the Federal Rules are precedents in regard to motions for reconsideration and vacating decisions under Tax Court Rules 161 and 162").