**UNITED STATES of America, Plaintiff,**

**v.**

**John MATHEWSON, Defendant.**

**No. 92–1054–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 27, 1993.

See also 839 F.Supp. 857.

Jerrell A. Breslin and Edward P. Gutten-macher, Miami, FL, for defendant.

William C. White, Asst. U.S. Atty., Miami, FL and Robert L. Welsh, Trial Atty., Tax Div., Washington, DC, for plaintiff.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

EDWARD B. DAVIS, District Judge.

Before the Court is Plaintiff's Motion for Summary Judgment. (D.E. 55.) In this action, the Government is suing to reduce unpaid federal income tax liabilities to a judgment for the years 1972 and 1974 through 1985, to collect those liabilities, and for certain equitable relief. Presently the Government seeks summary judgment for one period under the doctrine of res judicata based on stipulated decisions of the Tax Court, and for another based on Certificates of Assessment and Payment. For the reasons that follow, the Court will grant the Government's Motion on these bases.

### I. Background

Between 1972 and 1984, the Defendant, John Mathewson, resided and operated several businesses in the Chicago, Illinois area. He and his former wives filed joint federal income tax returns for the calendar years ending December 31, 1972 and 1974 through 1983.

Following an audit of the Defendant's returns, the Internal Revenue Service determined that a deficiency existed for each of these periods. The Defendant then contested the deficiency in the United States Tax Court. However, in June, 1988, the Defendant's counsel of record, Joseph D. Wolgel, entered a "Stipulation of Settled Issues" for each of the Tax Court claims. Entered into the Tax Court's record on July 1, these Stipulations conceded "all adjustments and issues contained in the notices of deficiency issued to [Mr. Mathewson] and all issues raised by the parties in the pleadings filed in the cases in which John M. Mathewson is a petitioner...." (See, e.g., Pl.'s Ex. 2 ¶ 1.) Furthermore, on the following September 9, Mr. Wolgel stipulated to decisions by the Tax Court admitting to the deficiencies for each period. These stipulated decisions were entered by the Tax Court. (See, e.g., Pl.'s Ex. 2.) With interest, penalties, fees and costs, the total deficiency was $9,153,653.84 as of April 26, 1993.

For the years 1984 and 1985, the Defendant did not file tax returns. The Government assessed the proper income tax, penalties, and interest for these periods totaled $2,175,933.97 through April 26, 1993. (Pl.'s Exs. 12–14.)

### II. Discussion

The Court will not grant summary judgment unless the movant demonstrates no genuine dispute exists as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Similarly, the movant may show an absence of evidence in a material issue where its opponents bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). All reasonable doubts as to the facts are to be resolved in favor of the party opposing summary judgment. Mercantile Bank & Trust Co. v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir.1985).

### A. Res Judicata: Years 1972 and 1974 Through 1983

For those years for which the Tax Court entered stipulated decisions, the Government rests its Motion on the doctrine of res judicata. In Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), Justice Frankfurter provided a scholarly review of this doctrine on behalf of the Court:

> The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and

their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Id.* at 597, 68 S.Ct. at 719 (citations omitted).

Considering this statement of the law, the Tax Court decisions determinations of the Defendant's debt to the Government should be deemed res judicata: the Tax Court had jurisdiction, and its decisions were final and bound the same parties to this action. *See United States v. International Building Co.,* 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953) (holding that Tax Court decisions based on stipulations are res judicata for the years they govern). However, the Defendant contends that he is not bound by the Tax Court decisions because they are defective, in essence, due to "fraud or some other factor invalidating the judgment." He claims that he relied on representations by the IRS's trial attorney, William E. Bogner, who implied that the Defendant was "judgment proof" and that the Government would never collect the taxes determined by the decisions.

The Court must refuse to hear the Defendant's challenge. Title 26, United States Code, section 6512(a) precludes collateral challenges to tax court decisions once the taxpayer has filed a petition. *Solitron Devices, Inc. v. United States,* 862 F.2d 846 (11th Cir.1989); *First Nat'l Bank v. United States,* 792 F.2d 954 (9th Cir.1986), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987); *United States v. Wolf,* 238 F.2d 447 (9th Cir.1956); *Greenman v. United States,* 711 F.Supp. 1556, 1564–66 (S.D.Fla.1989) (Spellman, J.), *aff'd,* 914 F.2d 268 (11th Cir.1990); *Berkery v. United States,* 767 F.Supp. 660 (E.D.Pa.1990). Section 6512(a) is jurisdictional. By it, Congress has removed the Federal courts' power to reconsider tax court determinations of liability, regardless of the basis of the challenge.

Because § 6512(a) is a jurisdictional bar, the court must refuse to hear challenges even if they are based on an exception to res judicata. For example, in *Berkery,* the court dismissed a challenge to a Tax Court judgment claiming, among other things, that a government witness had committed perjury in the proceedings. Normally, such a fraud on the court indicates the judgment is defective and not subject to res judicata. Nevertheless, the court was powerless to address the potential defect: "The jurisdictional bar of section 6512(a) operates to prohibit *any* action for taxes for that taxable year." *Solitron Devices,* 862 F.2d at 848, *quoted in Berkery,* 767 F.Supp. at 661. Therefore, the Defendant has not raised a material issue to rebut the Tax Court decisions, and summary judgment in the Government's favor is proper.

## B. *Government Assessments: 1984 and 1985*

For the years 1984 and 1985, the Government has provided Certificates of Assessments and payments reflecting the calculation of the Defendant's tax deficiency. This evidence forms a prima facie case of tax liability which deserves judgment absent rebuttal by the taxpayer. Unless the taxpayer shows that the IRS has computed an assessment arbitrarily and without foundation, the IRS's calculation of a tax deficiency is presumptively correct. *Olster v. Commissioner of Internal Revenue,* 751 F.2d 1168, 1174 (11th Cir.1985). Thus, a Certificate of Assessments and Payments is itself presumptive proof of a valid assessment. *United States v. Chila,* 871 F.2d 1015, 1018 (11th Cir.1989), *cert. denied,* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1990); *United States v. Dixon,* 672 F.Supp. 503, 506 (M.D.Ala.1987).

The Defendant has not provided evidence sufficient to indicate that the Government's assessments are defective. The taxpayer has the burden of rebutting the presumption of the Government's correctness by providing clear, contrary evidence. *Dixon,* 672 F.Supp. at 506. In the face of this Motion, the Defendant must point to record evidence indicating a material issue of fact concerning

the Government's correctness. Fed.R.Civ.P. 56(e); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). To meet this burden, the Defendant provides an affidavit saying he had not previously seen the assessments and does not believe they are correct. (Def.'s Resp.Ex.E.) Also, he claims his ex-wife, Shirley Mathewson, received part of the funds transferred to the Cayman Islands. (Hearing Tr. 2–109 to 2–113.) The first statement is an opinion and thus is obviously immaterial. The second statement is also immaterial; even if income was *received* by the Defendant's wife rather than the Defendant, it may nevertheless have been *earned* by the Defendant and therefore taxable to him. The Defendant has not explained the materiality of his contentions; his bare assertions will not prevent summary judgment in favor of the Government.

In sum, for the years 1972 and 1974 through 1983, the Government has produced Tax Court decisions which are effectively unassailable in this forum. For 1984 and 1985, the Government has produced Certificates of Assessment and Payment which are prima facie valid, and the Defendant has not produced material evidence to contradict them. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is GRANTED. Within ten (10) days of the date stamped on this Order, the Plaintiff shall submit a proposed form of final judgment to opposing counsel and the Court.

DONE AND ORDERED.