**SOLITRON DEVICES, INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 88–5522.

United States Court of Appeals,
Eleventh Circuit.

Jan. 3, 1989.

Nathan E. Nason, Nason, Gildan, Yeager & Gerson, P.A., West Palm Beach, Fla., for plaintiff-appellant.

Gary R. Allen, Chief, Appellate Section, U.S. Dept. of Justice, Tax Div., William S. Rose, Jr., Asst. Atty. Gen., David Pincus, Kenneth L. Greene, Washington, D.C., for defendant-appellee.

Before FAY and ANDERSON,
Circuit Judges, and ESCHBACH *,
Senior Circuit Judge.

PER CURIAM:

The judgment of the district court is affirmed for the reasons set forth in its Final Order of Summary Judgment entered on March 31, 1988 and appended hereto.

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

## APPENDIX

### FINAL ORDER OF SUMMARY JUDGMENT

MARCUS, District Judge.

THIS CAUSE has come before the Court upon the Defendant's motion for summary judgment. The Defendant raises two bases for summary judgment: the limited jurisdiction of a district court over a matter that has been before the Tax Court under 26 U.S.C. § 6512(a) and *res judicata.* For the reasons set forth below, we GRANT the Defendant's motion for summary judgment.

### I. *Facts*

The Plaintiff, Solitron Devices, Incorporated ("Solitron") was a supplier of microwave communications components, including semiconductors, to the government. Under the Renegotiation Act, certain government suppliers were limited to the profits they could receive on government contracts. 26 U.S.C. § 1471. On January 21, 1975, the U.S. Renegotiation Board determined that Solitron had received excessive profits during its tax year ending February 28, 1970. Solitron petitioned the Claims Court for a redetermination of the excess profits determined by the Renegotiation Board. The Claims Court did not resolve the matter until September 1984, when Solitron and the government reached a settlement as to the amount of excess profits.

The Defendant and Solitron agreed to a stipulation as to the amount of excess profits in the action before the Claims Court on September 28, 1984. The Claims Court recognized that stipulation in its October 1, 1984 order, which provided *inter alia:*

> Having considered and approved the said stipulation, and in accordance with its terms, an order is hereby entered determining that plaintiff realized excessive profits in the amount of $600,000 from contracts and subject to the Renegotiation Act of 1951, as amended, during its fiscal year ended February 28, 1970; that the interest accrued on the said amount of excessive profits is $400,-000; and that as a result of the redetermination the United States is due the total amount of $1,000,000 in excessive profits and accrued interest; that the total payments so due the United States shall be made without reduction for any credits or deductions allowable under Section 1481(b) of the Internal Revenue Code and by the Renegotiation Act of 1951, if any such credits or deductions exist; and that, upon full satisfaction of the debts created by the said redetermination (including accrued interest), all other claims set forth in plaintiff's petition and defendant's counterclaim in this case shall be deemed to have merged into this order.

Meanwhile the Internal Revenue Service ("Service") conducted an audit of Solitron's tax returns for the tax year that ended February 28, 1970. On April 20, 1978, the Service assessed a $981,762.00 deficiency against Solitron, disallowing a net loss carryback for that tax year. Solitron petitioned the Tax Court for a redetermination of the deficiency.

On January 10, 1983, the Tax Court sustained the deficiency found by the Service. On appeal to the Eleventh Circuit, the Tax Court's decision was affirmed on September 5, 1984. *Solitron Devices, Inc. v. Commissioner,* 744 F.2d 95 (11th Cir.1984). The Eleventh Circuit's decision became final by operation of law on December 5, 1984. 28 U.S.C. § 2101(c); 26 U.S.C. § 7481(a)(2)(A).

Solitron ultimately repaid the excess profits and interest in accordance with the stipulation. Solitron also paid the tax assessments, as affirmed by the Eleventh circuit. However, on January 9, 1985, Solitron filed an amended return for the tax year ending February 28, 1970. Based upon its repayment of $600,000.00 in excess profits, Solitron claimed a refund of $314,-473.00, as an overpayment. The claim was denied by the Service and Solitron instituted this action.

### Section 6512

Section 6512(a) of Title 26 of the U.S. Code provides:

(a) Effect of petition to Tax Court. If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, of tax imposed by chapter 45 for the same taxable period, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax Courts which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

(4) As to overpayment attributable to partnership items, in accordance with subchapter C of chapter 63.

In its motion for summary judgment, among other things, the Defendant contends that because Solitron already petitioned to the Tax Court with respect to its tax year ending February 28, 1970, this Court does not have jurisdiction over any subsequent challenge to tax assessments for that year. We have concluded that this Court is without jurisdiction to entertain this law suit.

Section 6512(a) is an exception to the general rule that the United States may not be sued in its own courts. *See United States v. Alabama,* 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941). The exception provided by section 6512(a) is a limited one and generally prohibits a taxpayer from instituting an action against the government once he has petitioned to the Tax Court. *See Holzer v. United States,* 250 F.Supp. 875, 877 (E.D.Wisc.), *aff'd,* 367 F.2d 822 (7th Cir.1966). In *First National Bank of Chicago v. United States,* 792 F.2d 954, 956 (9th Cir.1986), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987), the Ninth Circuit noted that section 6512(c) serves to "deprive the district court of jurisdiction" once the Tax Court has been petitioned. *Id.* (citation omitted).

When notified of a deficiency, the taxpayer may litigate its legality either by appealing to the Tax Court before he pays, or by paying and thereafter bringing an action against the United States or the collector to recover any overpayment. But choice of the first alternative precludes resort to the second. It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in the District Court his tax liability for the year in question.

*Elbert v. Johnson,* 164 F.2d 421, 423–24 (2d Cir.1947) (citations omitted); *see also Dorl v. Commissioner of Internal Revenue,* 507 F.2d 406, 407 (2d Cir.1974).

A bar to the exercise of jurisdiction by the district court over a tax case is triggered when the taxpayer files a petition with the Tax Court. *Holzer,* 250 F.Supp. at 877; *Empire Trust Co. v. United States,* 214 F.Supp. 731, 735 (D.Conn.1963). The jurisdictional bar of section 6512(a) operates to prohibit *any* action for taxes for that taxable year. 26 U.S.C. § 6512(a).

[T]he Tax Court's jurisdiction, once it attaches, extends to the *entire subject of the correct tax for the particular year.* The cause of action then before the [Tax] Court encompass[es] all phases of the taxpayer's income tax for [the year in issue]....

*Prizer v. United States,* 11 Cl.Ct. 184, 187 (1986) (*quoting Erickson v. United States,*

309 F.2d 760, 767–68, 159 Ct.Cl. 202 (1962) (footnote omitted)) (emphasis in *Prizer*); *see also United States v. Rochelle*, 363 F.2d 225, 231 (5th Cir.1966); *Avery v. United States*, 247 F.Supp. 611, 613 (W.D.N.Y. 1965).

Solitron contends that since the Claims Court did not enter its judgment as to the amount of excess profits until October 1, 1984, it could not raise that issue before the Tax Court. We are unpersuaded by this argument. The cases upon which Solitron relies do not alter our judgment. In *Britton v. United States*, 532 F.Supp. 275 (D.Vt.1981), *aff'd*, 697 F.2d 288 (2d Cir. 1982), the court determined that while a prior action in the Tax Court barred a subsequent action for taxes in district court, it did not bar an action for interest. The *Britton* court read section 6512(a) to exclude interest from its jurisdictional prohibition. That issue is not present in this case. Here, Solitron seeks a redetermination of its tax liability for the tax year ending February 28, 1970. Section 6512(a) prohibits the taxpayer from instituting an action in district court after he has litigated his tax liability for that year in Tax Court. This is true despite the fact that the issue that the taxpayer desires to raise could not have been litigated because it depends upon facts that occurred subsequent to the Tax Court's decision. *United States v. Wolf*, 238 F.2d 447, 450 (9th Cir.1956); *Elbert*, 164 F.2d at 424.

Solitron does not contend that the case at bar falls within any of the exceptions in section 6512(a). Nor is it the proper role for this Court to carve out a new exception to create a basis for jurisdiction. *See Moir v. United States*, 149 F.2d 455, 458 (1st Cir.1945). Significantly, Solitron relies heavily upon *Lakovich v. Internal Revenue Service*, 80–1 U.S. Tax Cases (CCH) ¶ 9366 (D.Colo.1980) [1980 WL 1532] to stand for the proposition that section 6512(a) bars "only claims which were litigated in the tax court, or which 'were in existence at the time' of the tax court litigation.'" (Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 14). However, the *Lakovich* court later reconsidered that order, and

determined that the prior action in Tax Court did bar subsequent action in district court. *Lakovich v. Internal Revenue Service*, No. 79–F–226 (D.Colo. March 18, 1980).

> Indeed, the Court's research has not revealed any persuasive authority which directly supports our prior ruling. The law in the area generally indicates that once a claim for refund involving a tax year has been pursued in the Tax Court, no further claims of any kind may be brought in regard to that tax year in the District Courts.

*Id.* at 1.

Instead of applying to this Court for a redetermination of its tax liability for the tax year ending February 28, 1970 at this late date, there are a number of alternative actions Solitron could have taken. Solitron could have requested the Tax Court to defer reaching a decision on its tax liability until the Claims Court made a final determination of the amount of excess profits Solitron had to disgorge. *See Estate of Bailly v. Commissioner of Internal Revenue*, 81 T.C. 949, 957 (T.C.1983) [available on WESTLAW, 1983 WL 14903]. After all, the tax liability issue was pending before the Tax Court at the same time the excess profits issue was before the Claims Court. Or, Solitron could have moved for reconsideration of the Tax Court's findings of fact within 30 days of its order. T.C.R. 161. Alternatively, Solitron could have moved the Tax Court to *revise* its decision within 30 days of its order. T.C.R. 163. Lastly, Solitron could have applied to the Eleventh Circuit to remand the cause back to the Tax Court prior to its decision becoming final, because of the intervening order entered by the Claims Court. 28 U.S.C. § 2106. *See Moore v. Tangipahoa Parish School Board*, 496 F.2d 696 (5th Cir.1974); *Wright v. State of Florida*, 495 F.2d 1086 (5th Cir.1974); *see also Dowell v. Commissioner of Internal Revenue*, 738 F.2d 354 (10th Cir.1984). Solitron could have taken a number of steps instead of seeking redress from a court without jurisdiction over the matter.

## II. Res Judicata

Because section 6512(a) operates as a jurisdictional barrier to Solitron's action proceeding further, we need not consider the government's claim that the action is also barred by the doctrine of *res judicata*. See, e.g., *Wolf*, 238 F.2d at 451. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Defendant's motion for summary judgment is GRANTED.

DONE AND ORDERED in Miami, Florida this 31st day of March, 1988.