October 5, 1994
[NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1315

KENNETH A. HANLEY AND PHYLLIS G. HANLEY,

Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, Senior U.S. District Judge]

Before

Torruella, Chief Judge,

Selya and Cyr, Circuit Judges.

Kenneth A. Hanley and Phyllis G. Hanley on brief pro se.

Loretta C. Argrett, Assistant Attorney General, Gary R. Allen,

Charles E. Brookhart and Sara Ann Ketchum, Attorneys, Tax Division,

Department of Justice, on brief for appellee.

Per Curiam. Appellants Keith and Phyllis Hanley appeal

pro se from a judgment dismissing their first amended

complaint for lack of jurisdiction and from the denial of

their post-judgment motions to amend the complaint and for a

new trial. For the following reasons, we affirm.

BACKGROUND

This is the second appeal to this court in connection

with the Hanleys' 1986 income taxes. On April 26, 1990, the

Hanleys filed a petition in the United States Tax Court for a

redetermination of deficiency for tax year 1986. In Hanley

v. Commissioner, No. 92-1035 (1st Cir. Dec. 16, 1992) (per

curiam), we upheld the Tax Court's finding of a deficiency in

the amount of $524. On April 9, 1993, the Hanleys filed a

vaguely worded complaint in the United States District Court

for the District of Massachusetts alleging that the Internal

Revenue Service had discriminated against them and deprived

them of due process of law by violating various federal

statutes in connection with the assessment and collection of

their 1986 taxes. Although the complaint is notably lacking

in factual detail, the central allegation is that the IRS

failed to process a partnership schedule attached to the

Hanleys' 1986 tax return, and as a result, improperly

assessed them in the amount of $1,824. The complaint also

alleges that the IRS improperly failed to issue a notice of

deficiency before making this assessment.1 Read liberally,

and in light of later filings, the complaint alleges that the

IRS unlawfully levied on Keith Hanley's military pension.2

Finally, the complaint alleges that the IRS made a

mathematical error in computating the Hanleys' tax liability

for 1986 and refuses to correct it.3

On July 23, 1993, the government moved to dismiss the

complaint for lack of jurisdiction. Among other things, the

government argued that to the extent the suit could be

construed as a claim for a refund pursuant to 28 U.S.C.

1346(a) and 26 U.S.C. 7422, it is barred by the Hanleys'

failure to allege, as jurisdictional prerequisites, that they

1. Although there is no evidence in the record whether the
IRS sent the Hanleys a notice of deficiency before assessing
them $1,824 for tax year 1986, it is undisputed that the IRS
at some point determined that an additional amount was due
for that taxable year and sent the Hanleys a notice of
deficiency in the amount of $1,217. Indeed, it was after
receiving this notice of deficiency in January 1990 for
$1,217 that the Hanleys filed a petition in the Tax Court.

2. Although the Hanleys contend that this pension is exempt
from levy, they rely on chapter 73 of title 10 of the United
States Code, which exempts annuities payable to a surviving
spouse and children--but not military pensions--from levy.
See 10 U.S.C. 1440; 26 U.S.C. 6334(6). Although under 26

U.S.C. 6334(6), special pension payments received by a
person whose name has been entered on the Army, Navy, Air
Force, and Coast Guard Medal of Honor roll are exempt from
levy, appellants have never alleged that Keith Hanley has
been entered on this honor roll or receives such a special
pension.

3. The original complaint names the Commissioner of Internal
Revenue as defendant. The first amended complaint
substitutes the United States as defendant.

-3-

filed an administrative claim for refund and paid the full

tax assessed. In addition, the government argued that such a

suit is barred by 26 U.S.C. 6512(a), which prohibits a

taxpayer who has petitioned the Tax Court from filing a

refund suit for the same taxable year. The government also

argued that to the extent the complaint could be read as

alleging a common law tort, such a claim is barred by 28

U.S.C. 2680(c). Finally, the government argued that any

claim under 26 U.S.C. 7433 for damages caused by the IRS

during the collection of taxes is barred by the Hanleys'

failure to allege that they exhausted administrative remedies

pursuant to 26 U.S.C. 7433(d)(1).

On November 23, 1993, the district court dismissed the

first amended complaint for lack of jurisdiction. On

December 7, 1993, the Hanleys filed a motion to amend the

complaint. A proposed second amended complaint, attached to

this motion, added the allegation that the Hanleys had

exhausted administrative remedies, but was not otherwise

significantly different than the first amended complaint.

Approximately a week later, on December 13, 1993, the Hanleys

filed a motion for new trial. Appended to this motion was a

copy of a document headed:

ADMINISTRATIVE DEMAND TO THE SECRETARY
(COMMISSIONER OF INTERNAL REVENUE SERVICE) FOR
RETURN OF ALL ILL GOTTEN OR OVER COLLECTED MONEY
TAKEN BY THE REVENUE SERVICE BY MEANS OF MISTAKE;
OVER ASSESSMENT; LEVIES; AUTOMATED COLLECTION
PROCESS OR OTHER MEANS NOT SPECIFICALLY LEGALLY

-4-

AUTHORIZED TOO UNDER THE REVENUE LAWS AND TO RETURN
ALL OVER ASSESSED PENALTIES; AND INTEREST NOT
ENTITLED TO, AS PER THE IRS CODE . . .

The district court denied both post-judgment motions, and

this appeal followed.

DISCUSSION

We begin with the basic proposition that the United

States, as a sovereign, is immune from lawsuit unless it

consents to be sued. United States v. Testan, 424 U.S. 392,

399 (1976). Accordingly, any lawsuit against the United

States must be brought in compliance with a specific statute

which expressly waives sovereign immunity. Id. at 399. A

plaintiff has the burden of showing a waiver of sovereign

immunity. See Baker v. United States, 817 F.2d 560, 562 (9th

Cir. 1987), cert. denied, 487 U.S. 1204 (1988).

The Hanleys contend that 28 U.S.C. 1346(a)(1) and 26

U.S.C. 7422, which together authorize a taxpayer to sue the

government for a tax refund, provide a jurisdictional base

for their suit. They further argue that they not only

alleged, but submitted evidence to prove, that they satisfied

the requirements for such a suit by filing an administrative

claim and paying all taxes due. See McMillen v. United

States Dep't of Treasury, 960 F.2d 187, 188 (1st Cir. 1991)

(per curiam) (ruling that district court lacked jurisdiction

over refund action where these requirements were not met).

Appellants also contend that the district court had

-5-

jurisdiction under 26 U.S.C. 7433, and that they alleged

and proved that they exhausted the administrative remedies

necessary to bring an action under this statute for damages

incurred during the collection of taxes. See Conforte v.

United States, 979 F.2d 1375, 1377 (9th Cir. 1992) (ruling

that district court lacked jurisdiction over 7433 action

where plaintiff failed to exhaust administrative remedies).

There is no question that the first amended complaint

fails to allege that the Hanleys exhausted the administrative

remedies necessary to bring a refund suit or a 7433 action.

In their opposition to the motion to dismiss, however, the

Hanleys allege that "all administrative avenues were

exhausted." The proposed second amended complaint alleges

that the Hanleys filed for an administrative refund and

"exhausted all legal and administrative avenues." In the

accompanying motion to amend, the Hanleys cite as proof that

they made an administrative claim, the document, attached to

the motion for new trial, demanding "return of all ill gotten

or over collected money." In their motion for a new trial,

appellants cite this same document as proof that they

exhausted the administrative requirements for filing a 7433

claim.

Even if we indulge appellants as pro se litigants and

construe their first amended complaint to incorporate later

allegations of having exhausted administrative remedies, we

-6-

are persuaded that the refund and 7433 claims were properly

dismissed. The applicable Treasury regulations require that

an administrative refund claim include a detailed statement

providing the grounds for relief. See 26 C.F.R. 301.6402-

2(b)(1). If this requirement is not met, meaningful review

of the refund claim at the administrative level is

impossible, and a district court lacks jurisdiction to

entertain the refund suit. See, e.g., Hefti v. IRS, 8 F.3d

1169, 1173 (7th Cir. 1993); Goulding v. United States, 929

F.2d 329, 332 (7th Cir. 1991), cert. denied, 113 S. Ct. 188

(1992). In the instant case, the document alleged to be the

Hanleys' administrative refund claim utterly fails to specify

any grounds for relief, and district court jurisdiction was,

accordingly, lacking.4 The Treasury regulations for filing

an administrative claim pursuant to 7433 similarly require

a statement of the grounds for relief. See 26 C.F.R.

301.7433-1(e)(2). We think it equally apparent that the

purported administrative demand for "return of all ill gotten

4. In light of our ruling that appellants failed to satisfy
the jurisdictional prerequisites for a refund suit, we need
not reach the government's argument that the filing of a
petition in the Tax Court serves as a jurisdictional bar to
any refund suit. We observe, however, that as a general
rule, the Tax Court's jurisdiction extends to the entire
subject of the correct tax for the particular year, and 26
U.S.C. 6512(a) serves to deprive the district court of
jurisdiction once the Tax Court has been petitioned. See

Solitron Devices v. United States, 862 F.2d 846, 848 (11th

Cir. 1989). Appellants have not argued that the instant case
falls within any of the exceptions set forth in 6512(a).

-7-

or over collected money" was inadequate to confer district

court jurisdiction over the Hanleys' 7433 claim.

For similar reasons, we uphold the denial of appellants'

motion to amend the complaint. We note as an initial matter

that once a district court enters judgment on a dismissal,

the filing of an amendment cannot be allowed until the

judgment is set aside or vacated under Federal Rule of Civil

Procedure 59(e) or 60(b). See Acevedo-Villalobos v.

Hernandez, 22 F.3d 384, 389 (1st Cir. 1994), petition for

cert. filed, 63 U.S.L.W. 3161 (U.S. Aug. 29, 1994) (No. 94-

362). Putting aside the fact that the Hanleys did not

accompany their motion to amend with the requisite Rule 59(e)

or 60(b) motion, we could not find that the district court

abused its discretion. The only significant change in the

proposed second amended complaint was the addition of

allegations that the Hanleys exhausted administrative

avenues. Assuming, without deciding, that the proposed

changes cured certain facial deficiencies in the first

amended complaint with respect to the Hanleys' refund and

7433 claims, it is plain, for the reasons just discussed,

that the proposed amendments were futile. See Jackson v.

Salon, 614 F.2d 15, 17 (1st Cir. 1980) (post-judgment motion

to amend complaint properly denied where amendment would be

futile).

-8-

We need not devote as much attention to appellants'

remaining arguments. The Hanleys contend that the Federal

Tort Claims Act (FTCA), 28 U.S.C. 2671-2680, provides a

jurisdictional basis for their action. Section 2680(c) of

the FTCA, however, prohibits any suit against the United

States "arising in respect of the assessment or collection of

any tax . . . " See McMillen, 960 F.2d at 188. The conduct

alleged by the Hanleys as the basis of their lawsuit falls

squarely within the parameters of this exclusion. Contrary

to the position taken by the Hanleys, 2680(c) encompasses

any activities of an IRS agent even remotely related to his

or her official duties of assessing or collecting taxes,

including unlawful or unauthorized actions. See, e.g.,

National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240,

1246 n.5 (10th Cir. 1989) (rejecting argument that 2680(c)

is inapplicable where IRS failed to comply with its own

procedures); Capozzoli v. Tracey, 663 F.2d 654, 657 (5th Cir.

Dec. 1981) (rejecting argument that tortious or wrongful

conduct by an agent cannot, by definition, be in respect of

his official duties of assessing or collecting taxes); Morris

v. United States, 521 F.2d 872, 874 (9th Cir. 1975) (unlawful

seizure and levy of property fell within exempted group of

tort claims arising out of tax collection efforts).

Appellants' constitutional challenge to 2680(c) is

meritless.

-9-

We also reject appellants' argument that the district

court's dismissal of their first amended complaint deprived

them of their right to a jury trial under the Constitution

and various federal statutes. Where, as here, federal law

provides no basis for the exercise of federal jurisdiction,

there is no cognizable cause of action to which any

constitutional or statutory right to a jury trial can apply.

See County of Suffolk v. Long Island Lighting Co., 710 F.

Supp. 1387, 1404 (E.D.N.Y. 1989), aff'd in part and rev'd in

part, 907 F.2d 1295 (2d Cir. 1990) (ruling that Seventh

Amendment right to a jury trial was not implicated where

plaintiff's claim was dismissed for lack of jurisdiction).

We add, however, that the Seventh Amendment right to a jury

trial does not extend to actions against the United States,

see, e.g., Hudson v. United States, 766 F.2d 1288, 1292 (9th

Cir. 1985); and that Article III, Section 2, Clause 3 of the

Constitution, which provides that "the trial of all crimes .

. . shall be by jury", is not applicable to the instant civil

action alleging violations of civil statutes.

We have considered appellants' remaining arguments and

find them to be without merit.5

Affirmed.

5. We also deny appellants' request for oral argument.

-10-