USCA1 Opinion

 

 October 5, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1315 KENNETH A. HANLEY AND PHYLLIS G. HANLEY, Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Kenneth A. Hanley and Phyllis G. Hanley on brief pro se. _________________ _________________ Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, ___________________ ______________ Charles E. Brookhart and Sara Ann Ketchum, Attorneys, Tax Division, _____________________ ________________ Department of Justice, on brief for appellee. ____________________ ____________________ Per Curiam. Appellants Keith and Phyllis Hanley appeal __________ pro se from a judgment dismissing their first amended ___ __ complaint for lack of jurisdiction and from the denial of their post-judgment motions to amend the complaint and for a new trial. For the following reasons, we affirm. BACKGROUND This is the second appeal to this court in connection with the Hanleys' 1986 income taxes. On April 26, 1990, the Hanleys filed a petition in the United States Tax Court for a redetermination of deficiency for tax year 1986. In Hanley ______ v. Commissioner, No. 92-1035 (1st Cir. Dec. 16, 1992) (per ____________ curiam), we upheld the Tax Court's finding of a deficiency in the amount of $524. On April 9, 1993, the Hanleys filed a vaguely worded complaint in the United States District Court for the District of Massachusetts alleging that the Internal Revenue Service had discriminated against them and deprived them of due process of law by violating various federal statutes in connection with the assessment and collection of their 1986 taxes. Although the complaint is notably lacking in factual detail, the central allegation is that the IRS failed to process a partnership schedule attached to the Hanleys' 1986 tax return, and as a result, improperly assessed them in the amount of $1,824. The complaint also alleges that the IRS improperly failed to issue a notice of deficiency before making this assessment.1 Read liberally, and in light of later filings, the complaint alleges that the IRS unlawfully levied on Keith Hanley's military pension.2 Finally, the complaint alleges that the IRS made a mathematical error in computating the Hanleys' tax liability for 1986 and refuses to correct it.3 On July 23, 1993, the government moved to dismiss the complaint for lack of jurisdiction. Among other things, the government argued that to the extent the suit could be construed as a claim for a refund pursuant to 28 U.S.C. 1346(a) and 26 U.S.C. 7422, it is barred by the Hanleys' failure to allege, as jurisdictional prerequisites, that they ____________________ 1. Although there is no evidence in the record whether the IRS sent the Hanleys a notice of deficiency before assessing them $1,824 for tax year 1986, it is undisputed that the IRS at some point determined that an additional amount was due for that taxable year and sent the Hanleys a notice of deficiency in the amount of $1,217. Indeed, it was after receiving this notice of deficiency in January 1990 for $1,217 that the Hanleys filed a petition in the Tax Court. 2. Although the Hanleys contend that this pension is exempt from levy, they rely on chapter 73 of title 10 of the United States Code, which exempts annuities payable to a surviving spouse and children--but not military pensions--from levy. See 10 U.S.C. 1440; 26 U.S.C. 6334(6). Although under 26 ___ U.S.C. 6334(6), special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll are exempt from levy, appellants have never alleged that Keith Hanley has been entered on this honor roll or receives such a special pension. 3. The original complaint names the Commissioner of Internal Revenue as defendant. The first amended complaint substitutes the United States as defendant. -3- filed an administrative claim for refund and paid the full tax assessed. In addition, the government argued that such a suit is barred by 26 U.S.C. 6512(a), which prohibits a taxpayer who has petitioned the Tax Court from filing a refund suit for the same taxable year. The government also argued that to the extent the complaint could be read as alleging a common law tort, such a claim is barred by 28 U.S.C. 2680(c). Finally, the government argued that any claim under 26 U.S.C. 7433 for damages caused by the IRS during the collection of taxes is barred by the Hanleys' failure to allege that they exhausted administrative remedies pursuant to 26 U.S.C. 7433(d)(1). On November 23, 1993, the district court dismissed the first amended complaint for lack of jurisdiction. On December 7, 1993, the Hanleys filed a motion to amend the complaint. A proposed second amended complaint, attached to this motion, added the allegation that the Hanleys had exhausted administrative remedies, but was not otherwise significantly different than the first amended complaint. Approximately a week later, on December 13, 1993, the Hanleys filed a motion for new trial. Appended to this motion was a copy of a document headed: ADMINISTRATIVE DEMAND TO THE SECRETARY (COMMISSIONER OF INTERNAL REVENUE SERVICE) FOR RETURN OF ALL ILL GOTTEN OR OVER COLLECTED MONEY TAKEN BY THE REVENUE SERVICE BY MEANS OF MISTAKE; OVER ASSESSMENT; LEVIES; AUTOMATED COLLECTION PROCESS OR OTHER MEANS NOT SPECIFICALLY LEGALLY -4- AUTHORIZED TOO UNDER THE REVENUE LAWS AND TO RETURN ALL OVER ASSESSED PENALTIES; AND INTEREST NOT ENTITLED TO, AS PER THE IRS CODE . . . The district court denied both post-judgment motions, and this appeal followed. DISCUSSION We begin with the basic proposition that the United States, as a sovereign, is immune from lawsuit unless it consents to be sued. United States v. Testan, 424 U.S. 392, _____________ ______ 399 (1976). Accordingly, any lawsuit against the United States must be brought in compliance with a specific statute which expressly waives sovereign immunity. Id. at 399. A ___ plaintiff has the burden of showing a waiver of sovereign immunity. See Baker v. United States, 817 F.2d 560, 562 (9th ___ _____ _____________ Cir. 1987), cert. denied, 487 U.S. 1204 (1988). ____________ The Hanleys contend that 28 U.S.C. 1346(a)(1) and 26 U.S.C. 7422, which together authorize a taxpayer to sue the government for a tax refund, provide a jurisdictional base for their suit. They further argue that they not only alleged, but submitted evidence to prove, that they satisfied the requirements for such a suit by filing an administrative claim and paying all taxes due. See McMillen v. United ___ ________ ______ States Dep't of Treasury, 960 F.2d 187, 188 (1st Cir. 1991) ________________________ (per curiam) (ruling that district court lacked jurisdiction over refund action where these requirements were not met). Appellants also contend that the district court had -5- jurisdiction under 26 U.S.C. 7433, and that they alleged and proved that they exhausted the administrative remedies necessary to bring an action under this statute for damages incurred during the collection of taxes. See Conforte v. ___ ________ United States, 979 F.2d 1375, 1377 (9th Cir. 1992) (ruling _____________ that district court lacked jurisdiction over 7433 action where plaintiff failed to exhaust administrative remedies). There is no question that the first amended complaint fails to allege that the Hanleys exhausted the administrative remedies necessary to bring a refund suit or a 7433 action. In their opposition to the motion to dismiss, however, the Hanleys allege that "all administrative avenues were exhausted." The proposed second amended complaint alleges that the Hanleys filed for an administrative refund and "exhausted all legal and administrative avenues." In the accompanying motion to amend, the Hanleys cite as proof that they made an administrative claim, the document, attached to the motion for new trial, demanding "return of all ill gotten or over collected money." In their motion for a new trial, appellants cite this same document as proof that they exhausted the administrative requirements for filing a 7433 claim. Even if we indulge appellants as pro se litigants and construe their first amended complaint to incorporate later allegations of having exhausted administrative remedies, we -6- are persuaded that the refund and 7433 claims were properly dismissed. The applicable Treasury regulations require that an administrative refund claim include a detailed statement providing the grounds for relief. See 26 C.F.R. 301.6402- ___ 2(b)(1). If this requirement is not met, meaningful review of the refund claim at the administrative level is impossible, and a district court lacks jurisdiction to entertain the refund suit. See, e.g., Hefti v. IRS, 8 F.3d ___ ____ _____ ___ 1169, 1173 (7th Cir. 1993); Goulding v. United States, 929 ________ ______________ F.2d 329, 332 (7th Cir. 1991), cert. denied, 113 S. Ct. 188 ____________ (1992). In the instant case, the document alleged to be the Hanleys' administrative refund claim utterly fails to specify any grounds for relief, and district court jurisdiction was, accordingly, lacking.4 The Treasury regulations for filing an administrative claim pursuant to 7433 similarly require a statement of the grounds for relief. See 26 C.F.R. ___ 301.7433-1(e)(2). We think it equally apparent that the purported administrative demand for "return of all ill gotten ____________________ 4. In light of our ruling that appellants failed to satisfy the jurisdictional prerequisites for a refund suit, we need not reach the government's argument that the filing of a petition in the Tax Court serves as a jurisdictional bar to any refund suit. We observe, however, that as a general rule, the Tax Court's jurisdiction extends to the entire subject of the correct tax for the particular year, and 26 U.S.C. 6512(a) serves to deprive the district court of jurisdiction once the Tax Court has been petitioned. See ___ Solitron Devices v. United States, 862 F.2d 846, 848 (11th ________________ _____________ Cir. 1989). Appellants have not argued that the instant case falls within any of the exceptions set forth in 6512(a). -7- or over collected money" was inadequate to confer district court jurisdiction over the Hanleys' 7433 claim. For similar reasons, we uphold the denial of appellants' motion to amend the complaint. We note as an initial matter that once a district court enters judgment on a dismissal, the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Federal Rule of Civil Procedure 59(e) or 60(b). See Acevedo-Villalobos v. ___ __________________ Hernandez, 22 F.3d 384, 389 (1st Cir. 1994), petition for _________ ____________ cert. filed, 63 U.S.L.W. 3161 (U.S. Aug. 29, 1994) (No. 94- ___________ 362). Putting aside the fact that the Hanleys did not accompany their motion to amend with the requisite Rule 59(e) or 60(b) motion, we could not find that the district court abused its discretion. The only significant change in the proposed second amended complaint was the addition of allegations that the Hanleys exhausted administrative avenues. Assuming, without deciding, that the proposed changes cured certain facial deficiencies in the first amended complaint with respect to the Hanleys' refund and 7433 claims, it is plain, for the reasons just discussed, that the proposed amendments were futile. See Jackson v. ___ _______ Salon, 614 F.2d 15, 17 (1st Cir. 1980) (post-judgment motion _____ to amend complaint properly denied where amendment would be futile). -8- We need not devote as much attention to appellants' remaining arguments. The Hanleys contend that the Federal Tort Claims Act (FTCA), 28 U.S.C. 2671-2680, provides a jurisdictional basis for their action. Section 2680(c) of the FTCA, however, prohibits any suit against the United States "arising in respect of the assessment or collection of any tax . . . " See McMillen, 960 F.2d at 188. The conduct ___ ________ alleged by the Hanleys as the basis of their lawsuit falls squarely within the parameters of this exclusion. Contrary to the position taken by the Hanleys, 2680(c) encompasses any activities of an IRS agent even remotely related to his or her official duties of assessing or collecting taxes, including unlawful or unauthorized actions. See, e.g., ___ ____ National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, __________________________________ _____ 1246 n.5 (10th Cir. 1989) (rejecting argument that 2680(c) is inapplicable where IRS failed to comply with its own procedures); Capozzoli v. Tracey, 663 F.2d 654, 657 (5th Cir. _________ ______ Dec. 1981) (rejecting argument that tortious or wrongful conduct by an agent cannot, by definition, be in respect of his official duties of assessing or collecting taxes); Morris ______ v. United States, 521 F.2d 872, 874 (9th Cir. 1975) (unlawful _____________ seizure and levy of property fell within exempted group of tort claims arising out of tax collection efforts). Appellants' constitutional challenge to 2680(c) is meritless. -9- We also reject appellants' argument that the district court's dismissal of their first amended complaint deprived them of their right to a jury trial under the Constitution and various federal statutes. Where, as here, federal law provides no basis for the exercise of federal jurisdiction, there is no cognizable cause of action to which any constitutional or statutory right to a jury trial can apply. See County of Suffolk v. Long Island Lighting Co., 710 F. ___ __________________ _________________________ Supp. 1387, 1404 (E.D.N.Y. 1989), aff'd in part and rev'd in __________________________ part, 907 F.2d 1295 (2d Cir. 1990) (ruling that Seventh ____ Amendment right to a jury trial was not implicated where plaintiff's claim was dismissed for lack of jurisdiction). We add, however, that the Seventh Amendment right to a jury trial does not extend to actions against the United States, see, e.g., Hudson v. United States, 766 F.2d 1288, 1292 (9th ___ ____ ______ _____________ Cir. 1985); and that Article III, Section 2, Clause 3 of the Constitution, which provides that "the trial of all crimes . . . shall be by jury", is not applicable to the instant civil action alleging violations of civil statutes. We have considered appellants' remaining arguments and find them to be without merit.5 Affirmed. _________ ____________________ 5. We also deny appellants' request for oral argument. -10-