70 F.3d 115
 76 A.F.T.R.2d 95-7202
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles David JOHNSON, Jr., Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, COMMISSIONER, Defendant-Appellee.
 No. 94-5776.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges, and POTTER, District Judge.*
 
 ORDER
 
 2
 Charles David Johnson, Jr., a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil complaint seeking a refund of federal income taxes pursuant to 26 U.S.C. Sec. 6342. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Johnson sued the Commissioner of the Internal Revenue Service for $50,796.34 which the IRS seized for delinquent taxes and penalties for the 1985 tax year. Previously, on January 12, 1987, Johnson filed a petition to redetermine his tax deficiency in the United States Tax Court. Johnson's Tax Court case was still pending at the time of the district court's decision. The Commissioner moved to dismiss the district court case for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Johnson opposed the motion to dismiss. Upon de novo review of a magistrate judge's report and over Johnson's objections, the district court dismissed the complaint for want of jurisdiction. In his timely appeal, Johnson raises a number of issues.
 
 
 4
 This court conducts a de novo review of a district court's judgment dismissing a case under Rule 12(b)(1). Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990).
 
 
 5
 Upon review, we conclude that the district court properly dismissed the complaint for want of jurisdiction. Because Johnson previously filed a petition before the Tax Court, the district court lacked jurisdiction to entertain any request for a refund. 26 U.S.C. Sec. 6512(a); see also Solitron Devices, Inc. v. United States, 862 F.2d 846, 848 (11th Cir.1989) (per curiam). Once Johnson filed his claim with the Tax Court, he is barred from seeking a refund in the district court. Dorl v. Commissioner, 507 F.2d 406, 407 (2d Cir.1974) (per curiam).
 
 
 6
 Johnson was not entitled to injunctive relief. The Anti-Injunctive Act prohibits suits to prevent the assessment or collection of any tax unless provided by statute. 26 U.S.C. Sec. 7421(a). In addition, injunctive relief may be granted only if Johnson shows that he does not have an adequate remedy at law. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 6-7 (1962). As Johnson's claim for a refund is currently pending in the Tax Court, he obviously has an adequate remedy at law. Finally, given that the district court lacked jurisdiction over Johnson's complaint and Johnson's request for a refund is currently pending in the Tax Court, Johnson's remaining arguments are not reviewable on appeal.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation