[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13521
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-00504-EAK-TGW

UNITED STATES OF AMERICA,

Plaintiff - Counter-Defendant-Appellee,

versus

JOHN LEZDEY,
NOREEN LEZDEY,

Defendants -Counter-Claimants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

John and Noreen Lezdey, a married couple who filed joint tax returns in 1991 and 1992, were sued by the government to convert an upaid tax assessment levied by the Tax Court into a judgment. The Lezdeys counterclaimed against the government and argued that the assessment was obtained through fraud and that the IRS had incorrectly calculated their tax liability. The district court granted summary judgment in favor of the government because it found that the Lezdeys' challenge to their tax liability was barred by res judicata. The Lezdeys appeal.[1] We conclude that the district court did not have jurisdiction over the Lezdeys' challenge to the Tax Court's assessment and thus dismiss in part.[2] But we also conclude that the district court properly granted summary judgment in favor of the government and accordingly we affirm in part.[3]

I.

In 1996, the Lezdeys were served with a notice of tax deficiency for their 1991 and 1992 taxes. The Lezdeys then filed a petition in the Tax Court contesting the alleged deficiency. Eventually the Lezdeys agreed to a stipulated

[1] The Lezdeys are representing themselves in their appeal, as they did in the district court. We note, however, that Mr. Lezdey is an attorney.

[2] We are obligated to consider jurisdictional questions *sua sponte*. *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir. 2008).

[3] We review a district court's order rendering summary judgment *de novo*. *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1120 n. 10 (11th Cir. 2011).

assessment, which reduced their liability and which the Tax Court entered. But the Lezdeys challenged the stipulated decision in a motion for reconsideration, arguing that it had been obtained through fraud. The Tax Court denied their motion for reconsideration and the Lezdeys appealed to the Third Circuit, which affirmed the Tax Court. The Lezdeys have still not paid the assessment and so, nearly a decade after the Third Circuit's decision, the government sued them to convert the unpaid tax assessment to a judgment. The government obtained a judgment in its favor, which the Lezdeys now appeal.

## II.

When a taxpayer is served with a notice of deficiency, he has two ways to contest his tax liability. He may pay the tax and then sue the government in district court to recover what he claims he should not have paid. *Solitron Devices, Inc. v. United States*, 862 F.2d 846, 848 (11th Cir. 1989). Or he can petition the Tax Court and contest his liability there before paying. *Id.* But once a taxpayer petitions the Tax Court to contest his tax liability for a particular year, he is barred from relitigating that liability later. 26 U.S.C. § 6512(a). Section 6512(a) is a jurisdictional bar to such challenges.[4] *Solitron Devices*, 862 F.2d at 848.

---

[4] Although there are certain exceptions to § 6512(a), none apply to the Lezdeys' counterclaims.

Because the Lezdeys had already petitioned the Tax Court to contest their 1991 and 1992 tax liability, we conclude that the district court did not have jurisdiction to hear their counterclaims. Accordingly, we dismiss that portion of the Lezdeys' appeal. As for the remainder of the appeal, we affirm the district court's judgment because the government was entitled to have the Lezdeys' unpaid tax assessment converted to a judgment. *See* 26 U.S.C. §§ 7401–7403; *United States v. Ryals*, 480 F.3d 1101, 1104 (11th Cir. 2007).

**DISMISSED in part, AFFIRMED in part.**