NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID LEE SMITH,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5074

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-218, Judge Edward J. Damich.

---

Decided: August 10, 2012

---

DAVID LEE SMITH, of Denver, Colorado, pro se.

CURTIS C. PETT, Attorney, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were KATHRYN KENEALLY, Assistant Attorney General, and TERESA E. MCLAUGHLIN, Attorney. Of counsel was JENNIFER DOVER SPRIGGS.

---

Before LOURIE, REYNA, and WALLACH, *Circuit Judges*.

PER CURIAM.

Plaintiff-Appellant *pro se*, David Lee Smith, challenges the dismissal of his case for lack of subject matter jurisdiction. Mr. Smith seeks to recover federal taxes alleged to have been erroneously or illegally assessed or collected. Upon careful consideration and for the reasons outlined below, we *affirm*.

I.

This case involves a long-standing tax dispute between Mr. Smith and the Internal Revenue Service ("IRS"). Because the background of this case is exceedingly complex and the tax years at issue herein have been the subject of prior disputes, only portions relevant to our holding are recited herein.

Mr. Smith and Ms. Hook, who are both attorneys, filed petitions in the Tax Court seeking redetermination of income tax deficiencies and additions to tax asserted against them for tax years 1992 to 1996 arising from joint returns filed for those years.[1] The Tax Court dismissed the suit for failure to prosecute and entered judgment against them, upholding the deficiencies and penalties as determined by the IRS. Mr. Smith moved the Tax Court for leave to file an untimely motion to vacate its decision, which the Tax Court denied. Mr. Smith appealed to the Tenth Circuit, which affirmed the Tax Court and imposed $6,000 in sanctions on Mr. Smith and Ms. Hook for filing a frivolous appeal.

Mr. Smith and Ms. Hook next filed a petition for relief under Chapter 11 of the Bankruptcy Code and com-

---

[1]     Mr. Smith and Ms. Hook remain married but have been separated since 1998. Mr. Smith and Ms. Hook filed joint income tax returns for the relevant time periods discussed herein.

menced an adversary proceeding seeking to, *inter alia*, relitigate their tax liabilities for tax years 1992 to 1998. The Bankruptcy Court dismissed the adversary proceeding, and the District Court affirmed. Mr. Smith and Ms. Hook appealed this decision to the Tenth Circuit. Ms. Hook voluntarily dismissed her appeal, and Mr. Smith's appeal was dismissed due to his failure to pay the sanctions imposed upon him in the prior appeal. Ms. Hook ultimately settled with the IRS, but Mr. Smith refused to settle, seeking, *inter alia*, to relitigate his tax liabilities for tax years 1992 to 1996 and claiming entitlement to "innocent spouse" relief from joint and several liability under § 6015.

In 2007, Mr. Smith and Ms. Hook filed a petition in the Tax Court challenging income tax deficiencies and penalties for tax years 2001 to 2005. They also filed a joint motion for a refund of amounts that the IRS had collected since the filing of their petition on September 7, 2007, on the ground that those collections violated § 6213(a).[2] The IRS submitted documents indicating that no amounts had been collected with respect to the deficiencies for tax years 2001 to 2005 that were subject of the pending action.

On April 9, 2010, Mr. Smith filed the instant refund suit in the Court of Federal Claims, seeking to recover taxes alleged to have been erroneously assessed or collected for tax years 1992 to 1996 and 2000 to 2006.[3] At a

---

[2]   Section 6213(a) of the Internal Revenue Code prohibits the collection of a deficiency while a Tax Court petition for redetermination of the deficiency is pending.

[3]   Mr. Smith claimed that this filing divested the Tax Court of jurisdiction pursuant to § 6015(e)(3). The Tax Court rejected this argument, characterizing it as a delay tactic, and the Tenth Circuit affirmed.

preliminary status conference, the government informed the Court of Federal Claims of its intention to file a motion to dismiss for lack of jurisdiction. Mr. Smith asserted that discovery would be required before the motion could be decided. The Court of Federal Claims informed Mr. Smith that if he thought the motion raised issues that necessitated discovery, he should clearly identify those issues in his response. The government moved to dismiss Mr. Smith's suit for lack of subject matter jurisdiction on February 3, 2011, and the Court of Federal Claims granted the motion because, *inter alia*, it found that Mr. Smith had already challenged the deficiencies for tax years 1992 to 1996 and 2001 to 2005 in the Tax Court and had not paid the full amount of the deficiency relating to tax year 2006 before filing suit, as is required. It denied Mr. Smith's motion to amend or supplement his amended complaint to include the proper jurisdictional statement and/or to transfer the case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1631. It also denied his motion for reconsideration of the Court's earlier decision denying his discovery request. Mr. Smith moved for relief under Court of Federal Claims Rule ("RCFC") 60(b), but the Court of Federal Claims denied the motion.

This appeal followed. The sum and substance of Mr. Smith's appeal is his contention that the Court of Federal Claims erred by granting the government's motion to dismiss, denying his request to amend or supplement his complaint and/or to transfer his case, and denying his motion for relief under RCFC 60(b). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

This Court reviews *de novo* a decision by the Court of Federal Claims to dismiss for lack of subject matter

jurisdiction. *See Schell v. United States*, 589 F.3d 1378, 1381 (Fed. Cir. 2009). As the plaintiff, Mr. Smith bears the burden of establishing jurisdiction by preponderant evidence. *Id.* When deciding a motion to dismiss for lack of subject matter jurisdiction**,** the court must assume as true all undisputed allegations of fact made by the nonmovant and draw all reasonable inferences from those facts in the nonmovant's favor. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). If the Court of Federal Claims determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. RCFC 12(h)(3).

According to the Tucker Act, the Court of Federal Claims:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

To be cognizable under the Tucker Act, the claim must be one for money damages against the United States, and the plaintiff must demonstrate that the source of substantive law upon which he or she relies is a money-mandating source. *See Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007). However, the Tucker Act does not, by itself, create a substantive right enforceable against the United States for monetary relief. *Id.* The plaintiff must identify a separate contract, regulation, statute, or Constitutional provision, which, if violated, provides for a claim for money damages against the United States. *Id.*

## A.

With regard to tax disputes, 28 U.S.C. § 1346(a)(1) provides for concurrent jurisdiction in the federal district courts and the Court of Federal Claims with respect to "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . under the internal-revenue laws. . ." However, § 6512(a) bars a suit for refund involving a tax year for which a Tax Court petition contesting a deficiency determination has been filed. *See Solitron Devices v. United States*, 862 F.2d 846, 848 (11th Cir. 1989) ("A bar to the exercise of jurisdiction by the district court over a tax case is triggered when the taxpayer files a petition with the Tax Court."). Here, the Court of Federal Claims correctly found that §6512(a) precluded it from exercising jurisdiction because Mr. Smith had previously filed Tax Court petitions seeking redetermination of the same liabilities.[4]

## B.

When a taxpayer is assessed with an income tax deficiency, he may challenge that assessment in one of two ways. One way is to pay the tax, request a refund from the IRS, and then file a refund suit in the Court of Federal Claims or in a district court. I.R.C. § 7422(a). The Court of Federal Claims lacks jurisdiction over a tax refund suit unless the assessment has been fully paid. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). In the alternative, the taxpayer can file a petition with the Tax Court without paying the assessment. *See Flora v. United States*, 362 U.S. 145, 163 (1960). With certain exceptions, if a taxpayer properly

---

[4] Section 6512(a) provides for certain exceptions, but Mr. Smith failed to identify facts to support his conclusory assertions that those exceptions apply.

files a petition with the Tax Court, he cannot later file a claim in the Court of Federal Claims or in a district court to obtain a credit or refund for the same taxable year. I.R.C. § 6512(a).

Here, the Court of Federal Claims properly dismissed Mr. Smith's claim for lack of subject matter jurisdiction because the government submitted evidence demonstrating that Mr. Smith failed to satisfy the full payment rule. Mr. Smith offered no documentary evidence, such as a receipt or cancelled check proving that he had fully satisfied the assessment, and his self-serving speculation or testimony in that regard is insufficient to satisfy his burden to establish jurisdiction over his claims by preponderant evidence. The Tax Court found that Mr. Smith's arguments lacked merit and that he had failed to show that the IRS records demonstrating the failure were incorrect.

## C.

The Appellant's "innocent spouse" contentions are similarly unsupportable. The requested relief arises out of a deficiency proceeding originally filed in the Tax Court according to I.R.C. § 6513(a), but Mr. Smith later sought to establish jurisdiction in the Court of Federal Claims pursuant to § 6015(e)(3). The Court of Federal Claims was correct not to exercise jurisdiction where, as here, the pending suit cannot be reconciled with the "innocent spouse" requirements provided in § 6015(e)(3).[5]

---

[5] Section 6015(e)(3) applies where one spouse files a "stand alone" action for "innocent spouse" relief and either spouse thereafter files a refund suit in the district court or the Court of Federal Claims. In that situation, the court in which the refund suit is filed acquires jurisdiction over all issues for the tax year in question. I.R.C. § 6015(a)-(e) (setting forth statutory requirements).

Mr. Smith filed suit in the Court of Federal Claims shortly before the Tax Court was scheduled to hold a trial for his tax *deficiencies* for the years 2001 to 2005. Jurisdiction under § 6015(e)(3), however, is directed at situations where "stand-alone" proceedings are brought in response to a refund suit. *See* § 6015(e)(3) (limiting the statutory relief to suits for a refund). For the years 2001 through 2005, Mr. Smith requests relief in response to a notice of deficiency, yet he opted not to proceed in the Court that has sole jurisdiction over such claims. *See* § 7402(e) (providing the Tax Court with sole jurisdiction over petitions responding to a notice of deficiency). As such, the Court of Federal Claims has no jurisdiction over the contested tax liabilities from 2001 through 2005.

There is also no evidence in the record that would tend to show Mr. Smith as an "innocent spouse." To the contrary, joint and several liability is appropriate in this case since Mr. Smith has been on notice of all tax returns made in his name. Appellant's knowledge of the prior filings and proceedings belies his "innocent spouse" arguments.

### III.

This Court reviews the denial of a discovery request for abuse of discretion. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008). Here, the Court of Federal Claims properly denied Mr. Smith's request for discovery because it found that he failed to explain with sufficient specificity how discovery would help him overcome the various jurisdictional bars to his suit, which are outlined above, and thus, permitting discovery would likely have unnecessarily delayed resolution of the matter.[6] Mr. Smith did not identify facts that

---

[6] Despite Mr. Smith's arguments to the contrary, even if the government's filing of exhibits along with its

would support his claims for jurisdiction or explain how the documents he requested would show that the Court had jurisdiction.

## IV.

Mr. Smith argues that the Court of Federal Claims abused its discretion by denying his request to amend or supplement his complaint to include a proper jurisdictional statement. We review a decision of the Court of Federal Claims to deny a motion for leave to amend a pleading for an abuse of discretion. *See Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007). "An abuse of discretion occurs when a court misunderstands or misapplies the relevant law or makes clearly erroneous findings of fact." *Id.*

The Court of Federal Claims did not err in denying Mr. Smith's request because, as it explained, Mr. Smith had no meritorious basis upon which to bring his claims, and the jurisdictional bars that prevented the Court of Federal Claims from having jurisdiction would have likewise precluded a district court from having jurisdiction.

## V.

Mr. Smith also appeals the decision of the Court of Federal Claims denying his motion for relief from the judgment under RCFC 60(b) on the ground that the Court of Federal Claims had no arguable basis for dismissing his suit. We review the denial of a motion for relief from

---

motion to dismiss had converted the motion to dismiss into a motion for summary judgment, that conversion would only entitle Mr. Smith to "a reasonable opportunity to present all the material that is pertinent to the motion," not to engage in a fishing expedition for information that would not establish jurisdiction. RCFC 12(d).

the judgment for abuse of discretion. *See Patton v. Sec'y of Dep't of Health & Human Servs.*, 25 F.3d 1021, 1029 (Fed. Cir. 1994). The Court of Federal Claims may relieve a party from a final judgment where it deems the judgment to be void. RCFC 60(b)(4). Rule 60(b)(5) permits a party to obtain relief from a judgment or order if, *inter alia*, "applying [the judgment or order] prospectively is no longer equitable." It provides a means by which the Court of Federal Claims can modify or vacate a judgment or order where a significant change in the factual conditions or legal landscape renders continued enforcement of the judgment or order harmful to the public interest. *See Horne v. Flores*, 129 S. Ct. 2579, 2593 (2009) (discussing analogous Federal Rule of Civil Procedure 60(b)(5)). Rule 60(b)(6) is a catchall provision that enables the Court of Federal Claims to grant relief from a judgment "for any other reason that justifies relief." It is generally available only in the presence of extraordinary circumstances. *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988) (quotation omitted) (discussing analogous Federal Rule of Civil Procedure 60(b)(6)).

Here, the Court of Federal Claims properly denied Mr. Smith's motion for relief from the judgment because it had jurisdiction to determine whether it had jurisdiction, and that decision was correct for the reasons explained above. Mr. Smith challenged the legal conclusions of the Court of Federal Claims, rather than demonstrating that a change in the facts or law made enforcement of the judgment detrimental to the public interest. His dissatisfaction with the judgment does not constitute the type of "extraordinary circumstances" that warrant granting Rule 60(b)(6) relief.

## VI.

Mr. Smith also appeals the decision of the Court of Federal Claims denying his request to transfer his case to a district court. We review the denial of a request to transfer a claim to another court for abuse of discretion, while a finding that the transferee court would lack jurisdiction is reviewed *de novo*. *See Rick's Mushroom Serv.*, 521 F.3d at 1343. 28 U.S.C. § 1631 provides that if a civil action is filed in a court that lacks jurisdiction, the court may, if it is in the interest of justice, transfer the action to another court in which the action could have been brought if the transferee court would have jurisdiction.

Here, it was not an abuse of discretion for the Court of Federal Claims to deny Mr. Smith's transfer request because sovereign immunity and § 6512(a) would bar Mr. Smith's suit in any court. In some circumstances, a court may transfer a case under § 1631 if a plaintiff's claim would be time-barred if the case were dismissed. *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374 (Fed. Cir. 2005). But that assumes plaintiff's claim could otherwise stand if the statute of limitations had not run. *See id.* Transfer of Mr. Smith's claim would not remove the jurisdictional bar.

We have considered Mr. Smith's other arguments made on appeal and find that they provide no basis for relief. We order payment by Mr. Smith to the United States for the reasonable costs for printing, copying, and the like incurred by the United States in defending the appeal before this court.

For the foregoing reasons, the decision of the Court of Federal Claims is hereby

**AFFIRMED**

## COSTS

Costs imposed on Appellant as set forth above.