T.C. Memo. 1998-320

UNITED STATES TAX COURT

NEWBY'S PLASTERING, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26799-96.                    Filed September 8, 1998.

<u>Helen L. Simpson</u>, for petitioner.

<u>Kay Hill</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine respondent's determination of the following additions to its 1989 Federal income tax:  A $37,270 addition under section 6651(a)(1), a $42,954 addition under section 6651(a)(2), and a $10,333 addition under section 6655.  We decide sua sponte whether we

have jurisdiction to decide whether petitioner is liable for these additions to tax. We hold we do not.

Section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner's principal place of business was in Anchorage, Alaska, when it petitioned the Court.

## Background

Petitioner filed a 1989 Federal income tax return on May 18, 1993. On September 10, 1996, respondent issued petitioner a notice of deficiency reflecting a determination that petitioner was liable for the three additions to tax mentioned above. Respondent did not determine, and the notice of deficiency did not assert, that petitioner had a deficiency in its 1989 Federal income tax.

Petitioner timely petitioned the Court with respect to the notice of deficiency, alleging in the petition that it was not liable for the additions to tax determined by respondent. The petition did not allege, and petitioner does not assert in this proceeding, that it overpaid its 1989 Federal income tax.

## Discussion

This Court is a Court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). We

acquire jurisdiction when the Commissioner issues to a taxpayer a notice of deficiency that reflects a "deficiency in respect of any tax imposed by subtitle A or B", section 6212(a), and the taxpayer timely petitions this Court to redetermine that deficiency.  Sec. 6213; Rule 13(a), (c); Keeton v. Commissioner, 74 T.C. 377, 379 (1980); Estate of Moffat v. Commissioner, 46 T.C. 499 (1966).

In the instant case, respondent has not determined a "deficiency in respect of any tax imposed by subtitle A or B". Sec. 6212(a).  Respondent has determined only that petitioner is liable for the three additions to tax mentioned above.  Pursuant to section 6665, none of these additions to tax is treated as a tax that is imposed by subtitle A or B.  As stated in section 6665:

SEC. 6665. APPLICABLE RULES

(a) Additions Treated as Tax.--Except as otherwise provided in this title--

(1) the additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes; and

(2) any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

(b) Procedure for Assessing Certain Additions to Tax.--For purposes of subchapter B of chapter 63 (relating to deficiency procedures for income, estate,

gift, and certain excise taxes), subsection (a) shall not apply to any addition to tax under section 6651, 6654, or 6655; except that it shall apply--

    (1)  in the case of an addition described in section 6651, to that portion of such addition which is attributable to a deficiency in tax described in section 6211; or

    (2)  to an addition described in section 6654 or 6655, if no return is filed for the taxable year.

Because respondent has not determined a deficiency in tax, we hold that we lack jurisdiction to decide this case.  To reflect the foregoing,

<u>An appropriate order</u>

<u>of dismissal for lack of</u>

<u>jurisdiction will be entered</u>.