NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5026

TIMMY C. RIGGLE and
KELLY A. RIGGLE,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant- Appellee.

_____

DECIDED:  May 4, 2005

_____

Before MICHEL, <u>Chief Judge</u>, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Timmy C. and Kelly A. Riggle appeal from a decision of the United States Court of Federal Claims dismissing their complaint for lack of subject matter jurisdiction.  We <u>affirm</u>.

## BACKGROUND

On April 7, 2004, the Internal Revenue Service ("IRS") sent the Riggles a notice of deficiency for the 2000 tax year.  The deficiency was due in part to the IRS's unfavorable treatment of certain partnership income and losses reflected in the Riggles'

form 1040. On that same day the IRS sent Mr. Riggle a notice of final partnership administrative adjustment. In the notice of deficiency, the IRS advised the Riggles that they could contest the deficiency by filing a petition in the United States Tax Court within 90 days. The notice of deficiency did not contain any reference to litigating a tax dispute in either a United States district court or the Court of Federal Claims. In the notice of final partnership administrative adjustment, the IRS advised Mr. Riggle of all three options and explained that he must deposit the tax due before filing a petition with either a district court or the Court of Federal Claims.

The Riggles did not pay the deficiency or contest it in the Tax Court. Instead, the Riggles filed a complaint in the Court of Federal Claims alleging that the IRS had improperly disallowed their deductions and had violated their due process rights. Riggle v. United States, No. 05-5026. The IRS moved to dismiss the Riggles' claims for lack of jurisdiction, and the Court of Federal Claims granted the motion, dismissing both claims. This appeal followed.

## DISCUSSION

The Tucker Act gives the Court of Federal Claims jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491. Because the jurisdiction of the Court of Federal Claims is limited to actions for the recovery of money damages or unlawful exactions, the court has jurisdiction to adjudicate a tax dispute only in the form of a tax refund action. See Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993); Tonasket v. United States, 218 Ct. Cl. 709, 711 (Ct. Cl. 1978); see also Flora v. United

States, 357 U.S. 63, 65 (1958) (same rule in actions brought in the district courts under 28 U.S.C. § 1346(a)). Thus, before litigating a tax dispute in the Court of Federal Claims, the taxpayer must first pay the tax, submit a claim for a refund to the IRS, and wait until the IRS either denies the claim or fails to respond to the claim within six months. See 26 U.S.C. §§ 6532(a)(1), 7422(a); United States v. Williams, 514 U.S. 527, 533 (1995).

The Riggles argue that the IRS consented to jurisdiction in the Court of Federal Claims because the notice of deficiency gave the Court of Federal Claims the right to hear their case. That argument fails not only because the notice of deficiency contains no language conferring jurisdiction on the Court of Federal Claims but also, and more importantly, because "no action of the parties can confer subject-matter jurisdiction upon a federal court." Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 (1982).

The Riggles argue that they were not required to pay the tax due before contesting the deficiency, because prepayment was not required by the notice of deficiency. That argument is also incorrect. The fact that the notice of deficiency did not refer to the requirement that a taxpayer pay the claimed deficiency before suing for a refund in the Court of Federal Claims does not override the statutory limitation on that court's jurisdiction. Moreover, nothing in the notice of deficiency suggested that suit could be brought in the Court of Federal Claims without payment of the deficiency; in fact, the notice of deficiency contained no reference at all to the Court of Federal Claims. It referred instead to the Riggles' right to contest the deficiency in the Tax

Court, which does have jurisdiction to consider tax disputes before the amount in dispute is remitted and a request for a refund is made. 26 U.S.C. § 6213.

In their motion for reconsideration in the Court of Federal Claims, the Riggles argued that the notice of final partnership administrative adjustment conferred jurisdiction on the Court of Federal Claims. The court denied the motion, correctly holding that the statutory requirement to make a payment to the IRS before filing suit applies to their claim based on the notice of final partnership administrative adjustment as well. See 26 U.S.C. § 6226(e).

The Court of Federal Claims was also correct in holding that it lacked jurisdiction to consider the Riggles' due process violation claims. The due process clause of the Fifth Amendment is not a money-mandating provision, and claims under that clause therefore do not fall within the jurisdiction of the Court of Federal Claims under the Tucker Act. See Murray v. United States, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987). The Riggles argue that Murray does not apply to their case because the IRS stipulated to jurisdiction in the Court of Federal Claims. As noted above, however, the IRS could not create jurisdiction in the Court of Federal Claims by stipulation, and in any event, we find no indication that the IRS purported to enter into any such stipulation.

The Riggles argue that if the Court of Federal Claims lacks jurisdiction over their claims, they are left without legal recourse to contest the deficiency. We disagree. The Riggles had 90 days from the date on the notice of deficiency to file a petition with the United States Tax Court challenging the deficiency. Even though the time for filing a challenge in that court has expired, the Riggles can still pay the deficiency, request a refund, and proceed in the Court of Federal Claims if the IRS denies that request.

In their reply brief in this court the Riggles make additional arguments that were not made in their opening brief or in the Court of Federal Claims. Arguments not made in an opening brief are normally considered waived, as are arguments not made in the court or tribunal whose order is under review. See, e.g., Hannon v. Dep't of Justice, 234 F.3d 674, 680 (Fed. Cir. 2000) (arguments made after the opening appeal brief that are not in the opening brief come too late to be considered); Caterpillar Inc. v. Sturman Indus., Inc., 387 F.3d 1358, 1368 (Fed. Cir. 2004) (a party who fails to make an argument at trial waives that argument on appeal). Because there are no exceptional circumstances in this case warranting a departure from that general rule, we decline to address the new arguments made for the first time in the Riggles' reply brief.