# In the United States Court of Federal Claims

No. 12-432 T

(E-Filed: July 3, 2013)

| | |
|---|---|
| THE CHEESECAKE FACTORY INC., | ) |
| | ) |
| | ) Granting Motion to Dismiss for |
| Plaintiff, | ) Lack of Jurisdiction; Claim for |
| | ) Refund for Tax Year as to Which |
| v. | ) Plaintiff Received a Notice of |
| | ) Deficiency and Filed a Petition in |
| THE UNITED STATES OF AMERICA, | ) the Tax Court; I.R.C. § 6512(a) |
| | ) |
| Defendant. | ) |
| | ) |

L. Richard Walton, Marina del Rey, CA, for plaintiff.

Carl D. Wasserman, Attorney, with whom were Kathryn Keneally, Assistant Attorney General, and David I. Pincus, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

HEWITT, Chief Judge

The Cheesecake Factory, Inc. (plaintiff) brings this suit seeking a refund of penalties and interest paid to the Internal Revenue Service (IRS) for its 2005 tax year in the amount of $432,280 (plus interest). See Compl. for Refund of Income Taxes (Complaint or Compl.), Docket Number (Dkt. No.) 1, ¶ 1; id. at 11.[1] Plaintiff asserts that

---

[1] The Cheesecake Factory, Inc. (plaintiff) filed its Complaint for Refund of Income Taxes (Complaint or Compl.), Docket Number (Dkt. No.) 1, on July 2, 2012. The Complaint consists of twelve pages: pages one through eleven contain numbered paragraphs, which the court cites by paragraph number, and pages eleven and twelve contain a "Prayer" for relief, which the court cites by page number.

With the Complaint, plaintiff also filed four exhibits, see Compl. Exs. A-D, Dkt. No. 1, at 14-32, see also Compl. ¶¶ 8, 15, 18, 20-21 (referring to the exhibits by letter), which the court cites by the page numbers assigned by the court's Case Management/Electronic Case Files (CM/ECF) system, appearing in the top right corner of each page.

it overpaid penalties and interest for its 2005 tax year because the United States (defendant or the government), acting through the IRS, "fail[ed] to properly credit prior year overpayments [to plaintiff's 2005 tax year]." See id. ¶ 1. The government has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the RCFC. See The United States' Mot. to Dismiss Pl.'s Compl. Pursuant to RCFC 12(b)(1) & 12(b)(6) (defendant's Motion or Def.'s Mot.), Dkt. No. 13, at 1.[2] The government argues that the court lacks jurisdiction "because plaintiff previously petitioned the United States Tax Court [(Tax Court)] for a determination of its tax liability for the 2005 tax[] year," id. (citing 26 U.S.C. (I.R.C.) § 6512(a) (2006) (limiting a taxpayer's ability to bring a suit for a refund or credit of income tax for a taxable year with respect to which the taxpayer has filed a petition in the Tax Court in response to a notice of deficiency)), and that plaintiff has failed to state claim upon which relief can be granted because, "as a result of the Tax Court's adjudication of that petition, this suit is also barred by principles of res judicata," see id.

Now before the court are: plaintiff's Complaint, filed July 2, 2012; defendant's Motion, filed December 5, 2012; Plaintiff's Opposition to Defendant's Motion to Dismiss Pursuant to RCFC 12(b)(1) and 12(b)(6) (plaintiff's Response or Pl.'s Resp.), Dkt. No. 24, filed March 1, 2013; and The United States' Reply to Plaintiff's Opposition to the United States' Motion to Dismiss, Dkt. No. 29 (defendant's Reply or Def.'s Reply), filed April 29, 2013.

For the following reasons, defendant's Motion, to the extent that it seeks dismissal for lack of jurisdiction, is GRANTED and, to the extent that it seeks dismissal for failure to state a claim upon which relief can be granted, is DENIED as MOOT.

---

[2] The United States (defendant or the government) filed The United States' Motion to Dismiss Plaintiff's Complaint Pursuant to RCFC 12(b)(1) and 12(b)(6) (defendant's Motion or Def.'s Mot.), Dkt. No. 13, with eight exhibits (defendant's exhibits or Def.'s Exs.), see generally Def.'s Exs. 1-6, Dkt. Nos. 13-1 to 13-6; Def.'s Ex. 7, Dkt. No. 15; Def.'s Ex. 8, Dkt. No. 14. Appendix E of the Rules of the United States Court of Federal Claims (RCFC), which governs electronically filed cases such as this one, provides that an exhibit or attachment must be filed "electronically along with the main document under one entry number," unless the court orders otherwise. RCFC app. E ¶ 8(c)(i). The court GRANTS LEAVE for defendant's exhibits to be filed as submitted, notwithstanding that defendant's Motion and its exhibits span multiple docket entry numbers.

The court cites defendant's exhibits by the page numbers assigned by the court's CM/ECF system, which appear in the top right corner of each page.

I.      Background

In August 2006 plaintiff filed a federal income tax return for its 2005 tax year, reporting that it owed taxes in the amount of $21,117,565. See Compl. ¶ 8; Def.'s Mot. 2 (citing Def.'s Ex. 1 (tax year 2005 (TY 2005) certificate of assessment)). Payments and credits to plaintiff's 2005 tax year account totaled $18,167,100 so that, according to IRS records, plaintiff owed a balance of $2,950,465 on its self-assessed tax liability. See Def.'s Ex. 1 (TY 2005 certificate of assessment) 2. The payments and credits to plaintiff's account did not include plaintiff's claimed overpayment of $3,361,942 for the 2003 tax year, which plaintiff requested to have credited toward its 2005 tax liability on an amended 2003 tax return mailed on June 26, 2006. See Def.'s Ex. 2 (first amended 2003 return) 1 (providing, on line twelve, that plaintiff wanted $3,361,942 credited to 2005). On November 20, 2006 the IRS assessed plaintiff a tax deficiency of $2,950,465, a $132,770.92 penalty for failure to pay its taxes (failure-to-pay penalty) and $157,040.75 in interest. See Def.'s Ex. 1 (TY 2005 certificate of assessment) 2. The overpayment claimed by plaintiff on its first amended 2003 tax return appears to have been credited to plaintiff's account with interest on March 15, 2007. See id. (showing an overpayment credit in the amount of $3,362,960.57).

On June 14, 2007 plaintiff filed amended tax returns for 2003, 2004 and 2005 (collectively, the amended tax returns). See Def.'s Ex. 3 (second amended 2003 return); Def.'s Ex. 4 (amended 2004 return); Compl. Ex. A (amended 2005 return). According to defendant, the amended tax returns (in addition to plaintiff's first amended 2003 return) were filed in connection with an audit that included plaintiff's 2003, 2004 and 2005 tax years. See Def.'s Mot. 2-3. Among other changes, the amended tax returns reduced the amount of plaintiff's claimed 2003 overpayment by $395,143. See Def.'s Ex. 3 (second amended 2003 return) 1 (showing a self-assessed tax due in the amount of $395,143); see also Compl. Ex. A (amended 2005 return) 16 (stating that plaintiff's overpayment carried forward from 2003 had been reduced by $395,143). Plaintiff also claimed an overpayment of $5,117,100 for its 2004 tax year on its amended 2004 return, which plaintiff requested to have credited toward its 2005 tax liability. Def.'s Ex. 4 (amended 2004 return) 1. The 2004 overpayment credit was retroactively applied to plaintiff's 2005 tax account.[3] See Def.'s Ex. 1 (TY 2005 certificate of assessment) 2 (showing a 2004 overpayment credit in the amount of $5,117,100, applied on April 15, 2005).

---

[3] Because the 2004 overpayment credit of $5,117,100 was retroactively applied, it was included in the $18,167,100 of payments and credits applied to plaintiff's 2005 tax year account. See Def.'s Ex. 1 (tax year 2005 certificate of assessment) 2 (showing a 2004 overpayment credit in the amount of $5,117,100, applied on April 15, 2005). Therefore, plaintiff's claim appears to be based only on the government's failure to apply plaintiff's claimed 2003 overpayment credit of $3,361,942 to plaintiff's $2,950,465 tax liability.

3

Defendant states that the amended tax returns were reviewed as part of the audit process and that, "[a]t the conclusion of the examinations, the [IRS] accepted some of the bases for plaintiff's claims for refund[] and disallowed the others." Def.'s Mot. 3; see also Compl. Ex. B (notice of partial disallowance) 22 ("We have allowed part of your claim for an adjustment to your tax for the [2003, 2004, 2005 and 2006 tax years]. We are sorry, but we cannot allow the entire claim . . . ."). In the meantime, on October 1, 2007, the IRS had assessed plaintiff a second failure-to-pay penalty in the amount of $44,256.98 and a second interest charge of $98,210.70. Def.'s Ex. 1 (TY 2005 certificate of assessment) 4. The amounts assessed on November 20, 2006 and October 1, 2007 for failure-to-pay penalties and interest total $432,279.35, see Def.'s Ex. 1 (TY 2005 certificate of assessment) 2, 4 (showing assessments for failure-to-pay penalties and interest)--the $432,280 that plaintiff seeks to recover in this suit, see Compl. ¶¶ 7-8; id. at 11.

As a result of the audit, on July 2, 2009, the IRS issued a notice of deficiency to plaintiff with respect to its 2005 tax year. See Pl.'s Resp. 8-9. See generally Def.'s Ex. 5 (notice of deficiency). The notice of deficiency stated that plaintiff owed an additional $698,705 in taxes and a $138,741 accuracy-related penalty, unrelated to the previous assessments. See Def.'s Ex. 5 (notice of deficiency) 1, 3. The notice informed plaintiff, "If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter . . . to file a petition with the United States Tax Court." Id. Accordingly, on October 5, 2009 plaintiff filed a petition with the Tax Court, seeking "a redetermination of the deficiency in tax and addition to tax [(also known as a penalty)] set forth by the Commissioner of [the IRS] in his Notice of Deficiency dated July 2, 2009." Def.'s Ex. 6 (Pet., Cheesecake Factory, Inc. v. Comm'r, No. 23591-09 (T.C. Oct. 5, 2009) (T.C. Pet.)) 1. Plaintiff's case in the Tax Court was resolved on August 26, 2010, when the Tax Court entered a decision stipulated by the parties, reducing plaintiff's tax deficiency for its 2005 tax year to $383,743 and eliminating the accuracy-related penalty. See Def.'s Ex. 7 (Cheesecake Factory, Inc. v. Comm'r, No. 23591-09, slip op. (T.C. Aug. 26, 2010) (Tax Court decision or T.C. Decision)) 1.

On October 28, 2010 plaintiff filed suit in the United States District Court for the Central District of California (California District Court), see generally Def.'s Ex. 8 (Compl., Cheesecake Factory, Inc. v. United States, No. 2:10-cv-08157 R (FFMx) (C.D. Cal. Oct. 28, 2010)), seeking a refund of taxes allegedly overpaid for its 2003 and 2004 tax years, "as well as related penalties and interest erroneously assessed and collected for [its 2005 tax year]," id. at 3. Plaintiff's case in the California District Court was resolved on December 16, 2011, when the California District Court dismissed the case pursuant to the parties' settlement agreement. See Compl. Ex. D (Order on Stipulation for Dismissal Without Prejudice to Refile until July 2, 2012, Cheesecake Factory, Inc. v. United States, No. 2:10-cv-08157 R (FFMx) (C.D. Cal. Dec. 16, 2011) 1. The parties' settlement

4

agreement did "not include [plaintiff's] claim for refund arising from interest and late payment penalties assessed for the late payment of taxes due from [its] 2005 tax year," even though the claim was before the California District Court. Compl. Ex. C (letter from the IRS to plaintiff) 1 (regarding the settlement agreement). Instead, the IRS informed plaintiff that, although the IRS believed that plaintiff's "2005 claim was properly denied, in full," plaintiff could "still pursue this 2005 year claim in District Court by timely re-filing [its] suit." Id.

Plaintiff brought this suit seeking refund of the 2005 penalties and interest on July 2, 2012. See generally Compl.

## II.      Legal Standards

### A.      Jurisdiction

Subject matter jurisdiction is a threshold matter that a court must determine at the outset of a case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007). Pursuant to the Tucker Act, the United States Court of Federal Claims (Court of Federal Claims) has jurisdiction over "any claim against the United States founded . . . upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff must, therefore, "'identify a separate source of substantive law that creates the right to money damages.'" Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

In the context of tax disputes, this means that the jurisdiction of the Court of Federal Claims is, generally, limited to tax refund actions.[4] See 28 U.S.C. § 1346(a)(1) (granting the Court of Federal Claims concurrent jurisdiction with the federal district courts over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws"); Riggle v. United States, 131 F. App'x 273, 274 (Fed. Cir. 2005) (unpublished) (citing,

---

[4] For an example of a tax dispute over which the United States Court of Federal Claims (Court of Federal Claims) had jurisdiction--notwithstanding that the plaintiff did not seek a tax refund--see Foundation of Human Understanding v. United States, 88 Fed. Cl. 203, 208, 234 (2009) (denying plaintiff's request for declaratory judgment and finding that the plaintiff was "not a church" for purposes of tax exemption), aff'd, 614 F.3d 1383 (Fed. Cir. 2010).

inter alia, Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993)); cf. I.R.C. § 7422(a) (requiring a claim for refund or credit to be filed with the Secretary of the Treasury (the Secretary) as a prerequisite for a tax refund suit).

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the RCFC, the court must accept as true all undisputed allegations of fact made by the non-moving party and draw all reasonable inferences from those facts in the non-moving party's favor. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). The burden is on the plaintiff to show jurisdiction by a preponderance of the evidence. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002). If the court determines that it does not have jurisdiction, it must dismiss the claim. See RCFC 12(h)(3).

B.      Effect of a Tax Court Petition Pursuant to I.R.C. 6512(a)

When a taxpayer receives a notice of deficiency and acts within the applicable time limit, "the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." I.R.C. § 6213(a). When a taxpayer takes this course of action, "no credit or refund of income tax for the same taxable year . . . in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court," except in certain limited circumstances.[5] Id. § 6512(a). Therefore, pursuant to I.R.C. § 6512(a), "if a taxpayer properly files a petition with the Tax Court, he cannot later file a claim in the Court of Federal Claims or in a district court to obtain a credit or refund for the same taxable year." Smith v. United States, 495 F. App'x 44, 48 (Fed. Cir. 2012) (per curiam) (unpublished); see, e.g., Gustafson v. United States, 27 Fed. Cl. 451, 453-54 (1993) ("Since [the] plaintiffs herein seek to recover part of the taxes they paid for [a particular] tax year . . . , the same tax year covered in the . . . deficiency notice and in [the] plaintiffs' petition to the Tax Court, the bar in Section 6512(a) applies, and this court lacks jurisdiction to entertain the instant refund claim.").

_____

[5] A taxpayer may institute a suit in another court regarding the same tax year that was adjudicated in the United States Tax Court (Tax Court) if the suit in the other court is for recovery of: (1) overpayments determined by a final decision of the Tax Court; (2) any amount collected in excess of an amount computed in accordance with a final decision of the Tax Court; (3) any amount collected after the period of limitation has expired for making levy or bringing a proceeding in court for collection; (4) overpayments that are attributable to partnership items; (5) any amount collected when collection or assessment was prohibited under 26 U.S.C. (I.R.C.) § 6213(a) (prohibiting collection or assessment during the period for filing in the Tax Court); or (6) if appeal of a Tax Court decision is pending, refunds or credits authorized by the Tax Court decision to the extent that overpayments giving rise to the refunds or credits are not contested on appeal. See I.R.C. § 6512(a)-(b) (2006).

6

The bar in I.R.C. § 6512(a) is applicable even if "circumstances prevented the taxpayer from raising an issue during the earlier Tax Court proceeding." Solitron Devices, Inc. v. United States, 16 Cl. Ct. 561, 567 (1989); see also Jacob v. United States, No. 97-127T, 1998 WL 549383, at *4 (Fed. Cl. July 21, 1998) (stating that the jurisdictional bar of I.R.C. § 6512(a) "applies even in cases where the issues raised in this court or the district court could not have been litigated in the Tax Court because they arose from facts occurring after the Tax Court's decision" (internal quotation marks omitted)), aff'd per curiam, 194 F.3d 1335 (Fed. Cir. 1999) (unpublished table decision).

III.    Discussion

Plaintiff asserts that "[j]urisdiction is conferred on this Court by [28 U.S.C. § 1491] and [I.R.C. § 7422]." Compl. ¶ 2. The court agrees with plaintiff that the court's jurisdiction pursuant to the Tucker Act includes claims for tax refunds, in general. Cf. Riggle, 131 F. App'x at 274 ("Because the jurisdiction of the Court of Federal Claims is limited to actions for the recovery of money damages or unlawful exactions, the court has jurisdiction to adjudicate a tax dispute only in the form of a tax refund action."); Shore, 9 F.3d at 1526 (discussing this court's jurisdiction over tax refund suits). However, the court's tax refund jurisdiction is conferred by 28 U.S.C. § 1346(a)(1), not by I.R.C. § 7422. Compare 28 U.S.C. § 1346(a)(1) (granting the Court of Federal Claims jurisdiction, concurrent with that of federal district courts, over civil actions against the United States for the recovery of erroneously collected federal income taxes or penalties) with I.R.C. § 7422 (governing civil actions for federal tax refunds). Moreover, the court's tax refund jurisdiction is limited by I.R.C. § 6512(a).

Section 6512(a) of the Internal Revenue Code bars a taxpayer from filing a tax refund claim in this court for the same taxable year as to which the taxpayer received a statutory notice of deficiency and previously filed a petition in the Tax Court. See I.R.C. § 6512(a); Smith, 495 F. App'x at 48; see, e.g., Gustafson, 27 Fed. Cl. at 453-54 (finding that the court lacked jurisdiction over the plaintiffs' tax refund claim pursuant to I.R.C. § 6512(a) when the refund claimed was for the same tax year covered in the deficiency notice and in the plaintiffs' petition to the Tax Court). According to defendant, "[b]ecause the tax year is the cause of action, the Tax Court resolved all issues relating to that tax year when it entered the stipulated decision. Plaintiff may not seek to now litigate the 2005 tax year piecemeal before this Court." Def.'s Mot. 7; see also id. at 6 ("When plaintiff petitioned the Tax Court for a determination of its 2005 tax, it in effect brought all issues relating to the 2005 taxable year . . . .").

Plaintiff responds that "[t]he Court of Claims does not lose jurisdiction over claims before it for years in which there is a parallel proceeding in the Tax Court, unless the Tax Court matter relates to an 'income tax [for which the Government mails] a notice

7

that a deficiency has been determined in respect of the tax <u>which is the subject matter of the taxpayer's suit</u> [in the Court of Claims.]'"  Pl.'s Resp. 1 (alterations in original) (quoting I.R.C. § 7422(e)).  According to plaintiff, because the notice of deficiency in this case (which was issued in 2009 after plaintiff's audit by the IRS with respect to plaintiff's 2005 tax year) "had nothing to do with either of the interest and penalty assessments in 2006 and 2007," those assessments amounted to "zombie penalties and interest" as to which "no tax 'deficiency' was involved."  <u>Id.</u> at 8-9.

However, section 7422(e) of the Internal Revenue Code, cited by plaintiff in support of its argument in favor of the court's jurisdiction, <u>see</u> Pl.'s Resp. 6, is not relevant to this case because it pertains to cases filed prior to the issuance of a notice of deficiency.  Specifically, section 7422(e) provides that, if a notice of deficiency is mailed "prior to the hearing of a suit brought by a taxpayer in a district court or the . . . Court of Federal Claims for the recovery of any income tax . . . (or any penalties relating to such taxes) . . . , the proceedings in [the] taxpayer's suit shall be stayed" until the expiration of "the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency."  I.R.C. § 7422(e).  If the taxpayer then files a petition with the Tax Court in response to the notice of deficiency, the district court or the Court of Federal Claims (depending on where the original suit was brought) "shall lose jurisdiction of [the] suit to whatever extent jurisdiction is acquired by the Tax Court."  <u>Id.</u>

Here, when the notice of deficiency was issued on July 2, 2009, plaintiff had not yet filed this suit, nor was any suit pending in this court or any district court at the time that plaintiff filed its petition in the Tax Court on October 5, 2009.  <u>See</u> <u>supra</u> Part I.  Accordingly, plaintiff's reliance on section 7422(e) is misplaced.  Nevertheless, the court notes that, even if section 7422(e) applied, the Tax Court's jurisdiction under section 7422(e) would still include the entire subject of the correct tax for the particular year.  <u>See</u> <u>Erickson v. United States</u>, 159 Ct. Cl. 202, 216, 309 F.2d 760, 767 (1962) (stating that, once the Tax Court's jurisdiction attaches, it "extends to the entire subject of the correct tax for the particular year"); <u>cf.</u> <u>Tonasket v. United States</u>, 218 Ct. Cl. 709, 711 (1978) ("We need not decide whether section 6512(a) alone governs or whether section 7422(e) likewise controls.  Congress, it is very plain, desired that in this situation the Tax Court proceeding should displace a refund suit.  Both sections clearly point in that direction.").

Plaintiff also argues that, notwithstanding the preclusive effect of filing suit in the Tax Court, this court retains jurisdiction over its present refund claim "because the Tax Court never could have acquired any jurisdiction over the issues herein."[6]  Pl.'s Resp. 1,

_____

[6] Defendant argues that, contrary to plaintiff's assertion, the failure-to-pay penalties and interest at issue would have been within the Tax Court's jurisdiction over plaintiff's 2005 tax year because the Tax Court's overpayment jurisdiction properly includes additions to tax that

have been paid by the plaintiff. <u>See</u> The United States' Reply to Pl.'s Opp'n to the United States' Mot. to Dismiss (Def.'s Reply), Dkt. No. 29, at 4-6.

In support of its position, defendant cites <u>Judge v. Commissioner</u>, 88 T.C. 1175 (1987), <u>acq.</u> 1988-2 C.B. 1. <u>See</u> Def.'s Reply 4-6. In <u>Judge</u>, the Tax Court considered whether it had jurisdiction over failure-to-pay penalties assessed as a result of reported tax liabilities shown on the taxpayers' return (as in the present case), as distinguished from failure-to-pay penalties assessed as a result of a determination of tax deficiency by the Commissioner of the Internal Revenue Service (IRS) (the Commissioner) in accordance with statutory deficiency procedures. <u>See</u> <u>Judge</u>, 88 T.C. at 1176, 1181. The Tax Court concluded that "all additions to a tax are to be considered part of such tax in determining the amount of an overpayment." <u>Id.</u> at 1183. Further, the Tax Court held that I.R.C. § 6512(b), which provides the Tax Court with jurisdiction to determine overpayments, is broad enough to encompass "additions to tax whether or not such additions are subject to the deficiency procedures." <u>Id.</u> at 1185. Based on <u>Judge</u>, defendant argues that, because the Tax Court had jurisdiction over plaintiff's 2005 tax year as a result of the notice of deficiency and plaintiff's Tax Court petition, "[t]he Tax Court also thereby acquired overpayment jurisdiction over the additions-to-tax (already paid by plaintiff) that the Commissioner had determined, apart from [the notice of] deficiency, on the basis of the amounts listed on plaintiff's return." Def.'s Reply 6. Defendant notes--correctly--that the cases cited by plaintiff with respect to this issue, <u>see</u> Pl.'s Opp'n to Def.'s Mot. to Dismiss Pursuant to RCFC 12(b)(1) and 12(b)(6) (Pl.'s Resp.), Dkt. No. 24, at 4 (citing <u>Estate of Forgey v. Comm'r</u>, 115 T.C. 142, 146 (2000); <u>Newby's Plastering, Inc. v. Comm'r</u>, 76 T.C.M. (CCH) 399 (1998)), are distinguishable because, in each of the cases cited by plaintiff, there was not (as there was here) any deficiency with respect to the relevant tax year, <u>see</u> Def.'s Reply 3-4, 4 n.3; <u>cf.</u> <u>Estate of Forgey</u>, 115 T.C. at 147 (holding that the Tax Court lacked jurisdiction because no deficiency in tax existed in the "anomalous" situation that the parties' settlement following the issuance of a notice of deficiency resulted in an overassessment in tax--meaning that "the tax imposed on the estate [did] not exceed the amount of tax shown on the estate tax return"); <u>Newby's Plastering, Inc.</u>, 76 T.C.M. (CCH) 399 (holding that the Tax Court lacked jurisdiction because the petitioner sought redetermination of additions to tax only, without challenging any notice of deficiency).

Defendant also relies on <u>Estate of Baumgardner v. Commissioner</u> (<u>Baumgardner</u>), 85 T.C. 445 (1985), for the proposition that "the Tax Court's jurisdiction over overpayments pursuant to § 6512(b) include[s] overpayments of interest." Def.'s Reply 8. Indeed, <u>Baumgardner</u> states, "Interest may be part of an overpayment if the interest accrued and was paid prior to the time the overpayment was claimed or arose." <u>Baumgardner</u>, 85 T.C. at 452. Defendant correctly notes, <u>see</u> Def.'s Reply 8 n.6, that the case cited by plaintiff in support of its argument that the Tax Court lacks jurisdiction over interest redeterminations is no longer good law, <u>see</u> Pl.'s Resp. 17 (citing <u>Bax v. Comm'r</u>, 13 F.3d 54, 56-57 (2d Cir. 1993), <u>superseded by statute</u>, Taxpayer Bill of Rights 2 § 302, Pub. L. No. 104-168, 110 Stat. 1452, 1457-58 (1996) (codified as amended in relevant part at I.R.C. 6404(h)), <u>as recognized in</u> <u>Hinck v. United States</u>, 550 U.S. 501 (2007)).

9

13; see also id. at 12 ("[T]he law deprived the Tax Court of jurisdiction to decide the very matters at issue herein as set forth below. Thus, section 6512 does not apply."), 19-20 (similar) (citing, without explanation, Montana v. United States, 440 U.S. 147, 164

_____

Further, defendant argues that whether the Secretary of the Treasury (the Secretary) properly applied overpayment credits under I.R.C. § 6402--an issue that defendant characterizes as "plaintiff's basis for the suit"--"is a matter entirely entrusted to the discretion of the Secretary." Def.'s Reply 1-2; cf. Compl. ¶ 1 (describing the cause of action as arising "due to Defendant's failure to properly credit prior year overpayments as it was instructed to do pursuant to [I.R.C.] § 6402"). Nevertheless, defendant contends that the Tax Court retains jurisdiction under I.R.C. § 6512(b)(4) to hear a claim that a plaintiff made an overpayment as a result of an alleged improperly applied credit. See Def.'s Reply 11-12; see also I.R.C. § 6512(b)(4) ("The Tax Court shall have no jurisdiction under this subsection to restrain or review any credit or reduction made by the Secretary under section 6402."). Defendant relies on Winn-Dixie Stores, Inc. v. Commissioner (Winn-Dixie), 110 T.C. 291 (1998), see Def.'s Reply 11-12, in which the Tax Court held that I.R.C. § 6512(b) did not deny it jurisdiction when the petitioner in that case claimed that it made overpayments as a result of the Secretary's failure to apply overpayment credits to later tax years, see Winn-Dixie, 110 T.C. at 294-95. According to defendant, the Tax Court is divested of jurisdiction only if the taxpayer seeks "to 'restrain or prevent' the IRS from using credits to reduce a refund," which it argues is not the case here because plaintiff complains only about overpayments of penalties and interest and "does not challenge its refund for the years in question." Id. at 11-12 (quoting Winn-Dixie, 110 T.C. at 294).

Defendant also contends that, to the extent that plaintiff's claim is based on I.R.C. § 6404(a), the Tax Court has exclusive jurisdiction to provide judicial review. Id. at 8-9; cf. Compl. ¶ 12 (invoking I.R.C. § 6404(a)); I.R.C. § 6404(a) (providing the Secretary with authority "to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which . . . is erroneously or illegally assessed"). Defendant cites to Hinck in support of this proposition. See Def.'s Reply 8-9. In Hinck, the United States Supreme Court held that I.R.C. § 6404(h), which provides the Tax Court with authority to review of the Secretary's failure to abate interest, must be interpreted to define the Tax Court's jurisdiction as exclusive. Hinck, 550 U.S. at 503, 506.

Although the court need not reach the question of whether the Tax Court would have had jurisdiction over plaintiff's present claim, cf. Solitron Devices, Inc. v. United States, 16 Cl. Ct. 561, 567 (1989) (stating that, even if "circumstances prevented the taxpayer from raising an issue during the earlier Tax Court proceeding," the taxpayer is barred from filing a claim for credit or refund of tax for the same taxable year as was litigated in the Tax Court); Jacob v. United States, No. 97-127T, 1998 WL 549383, at *4 (Fed. Cl. July 21, 1998) (stating that the jurisdictional bar of I.R.C. § 6512(a) "applies even in cases where the issues raised in this court or the district court could not have been litigated in the Tax Court" (internal quotation marks omitted)), aff'd per curiam, 194 F.3d 1335 (Fed. Cir. 1999) (unpublished table decision), the court observes that defendant appears to be correct, at least in part, on this point.

10

(1979)).  The only authority cited by plaintiff with respect to this proposition, Montana v. United States, see Pl.'s Resp. 19-20, offers no support for plaintiff's position that the court can discern, cf. Montana, 440 U.S. at 163-64 (holding that the government was estopped from relitigating in federal court the Montana Supreme Court's decision that a Montana state tax was constitutional).[7]  Plaintiff also relies on the notice of partial disallowance with respect to the amended tax returns, see Pl.'s Resp. 10, which stated that plaintiff "may . . . fil[e] suit with the United States District Court having jurisdiction, or the [Court of Federal Claims]" if it "wish[ed] to bring suit . . . for the recovery of any tax, penalties, or other moneys for which this disallowance notice [was] issued,"[8] Compl. Ex. B (notice of partial disallowance) 22.  Plaintiff contends that the notice of partial disallowance "recognized Plaintiff's right to bring a separate action before the Court of [Federal] Claims with respect to these refund claims for interest and [failure-to-pay] penalties."  Pl.'s Resp. 10.

Defendant argues that I.R.C. § 6512(a) is applicable and bars plaintiff's present claim because plaintiff received a notice of deficiency for the 2005 tax year and timely filed a petition with the Tax Court seeking a redetermination with respect to the notice of deficiency.  Def.'s Mot. 5; cf. I.R.C. § 6512(a) (providing that, when a taxpayer files a petition in the Tax Court in response to a notice of deficiency, "no credit or refund of income tax for the same taxable year . . . in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of

_____

[7] The court notes that, although not cited by plaintiff specifically, see Pl.'s Resp. 20 (citing Montana v. United States, 440 U.S. 147, 164 (1979)), plaintiff may have intended to rely on footnote eleven of Montana v. United States, see Montana, 440 U.S. at 164 n.11 ("Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.").  However, because plaintiff "has not alleged unfairness or inadequacy in the [Tax Court] procedures to which it voluntarily submitted," cf. Montana, 440 U.S. at 163-64, footnote eleven of Montana does not support plaintiff's position.

[8] Plaintiff alleges that a similar statement by an IRS employee, who "was fully aware of the Tax Court matter but nonetheless conceded, orally and in writing, that the matter could be pursued in the District Court or Court of [Federal] Claims," could be the basis of a claim for "governmental estoppel."  Pl.'s Resp. 11 n.3; see also Compl. ¶ 11 (describing representations made by the IRS "Audit Team").  Plaintiff's allegation fails to recognize that, because "no action of the parties can confer subject-matter jurisdiction upon a federal court[,] . . . the consent of the parties is irrelevant, [and] principles of estoppel do not apply."  Ins. Corp. of Ir. v. Compagnie de Bauxites de Guinee, 456 U.S. 694, 702 (1982) (internal citation omitted); see Dunklebarger v. Merit Sys. Prot. Bd., 130 F.3d 1476, 1480 (Fed. Cir. 1997) ("[T]he principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so."); Colman v. United States, 96 Fed. Cl. 633, 639 (2011) (concluding that, even if the IRS had consented to be sued in a letter, the government could not be estopped from arguing that this court lacked jurisdiction on that basis).

11

any part of the tax shall be instituted in any court"). See generally Def.'s Exs. 5 (notice of deficiency), 6 (T.C. Pet.). Although defendant acknowledges that no separate notice of deficiency was issued with respect to the penalties and interest at issue, Def.'s Reply 2-3 (stating that "the failure-to-pay penalties assessed in this case were explicitly exempted from the [Internal Revenue] Code's [statutory] deficiency procedures"); cf. Pl.'s Resp. 2 (arguing that "the Government concedes (correctly) that the notice of deficiency . . . that conferred jurisdiction upon the Tax Court had nothing to do with the interest, and failure[-]to[-]pay penalties"), defendant argues that no separate notice of deficiency was required for section 6512 to apply because "plaintiff was already properly under the jurisdiction of the Tax Court with respect to its 2005 tax year because of the petition it filed there," Def.'s Reply 3. Defendant also notes, correctly, that the IRS cannot confer jurisdiction upon this court by mentioning in a notice of partial disallowance that the Court of Federal Claims is a proper forum for a tax refund suit. See Def.'s Reply 7 n.5; cf. Ins. Corp. of Ir. v. Compagnie de Bauxites de Guinee, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."); Riggle, 131 F. App'x at 275 (finding that "the IRS could not create jurisdiction in the Court of Federal Claims by stipulation"); Colman v. United States, 96 Fed. Cl. 633, 639 (2011) ("The IRS's expressed consent to be sued in its form letter is immaterial. The IRS's letter cannot confer jurisdiction upon this Court.").

Pursuant to I.R.C. § 6512(a), this court lacks jurisdiction over a tax refund case if the plaintiff seeks a refund for the same tax year covered in a deficiency notice and in the plaintiff's petition to the Tax Court. See I.R.C. § 6512(a); Smith, 495 F. App'x at 48. Here, plaintiff properly filed a Tax Court petition in response to a notice of deficiency issued with respect to its 2005 tax year. Compl. ¶ 17; see also Def.'s Exs. 5 (notice of deficiency), 6 (T.C. Pet.). Therefore, pursuant to I.R.C. § 6512(a), "no credit or refund of income tax for the same taxable year . . . in respect of which the Secretary has determined the deficiency shall be allowed . . . and no suit by the taxpayer for the recovery for any part of the tax shall be instituted in any court." I.R.C. § 6512(a). It is immaterial whether "the Commissioner issue[d] a Notice of Deficiency with respect to the penalties [and interest] . . . which are the subject of this Complaint," cf. Pl.'s Resp. 26, because the bar in I.R.C. § 6512(a) applies as long as "the Secretary has mailed to the taxpayer a notice of deficiency" and "the taxpayer [has properly] file[d] a petition with the Tax Court . . . for the same taxable year," I.R.C. § 6512(a).

Nevertheless, plaintiff argues that its present claim should not be barred by I.R.C. § 6512(a) because of the exception described in I.R.C. § 6512(a)(2) for amounts collected in excess of an amount computed in accordance with a final decision of the Tax Court. See Pl.'s Resp. 16. Plaintiff contends that this "exception could arguably apply" given that the IRS collected the full $383,733 tax deficiency determined by the Tax Court plus

12

the $432,280 in interest and penalties at issue here. See id. (citing Def.'s Exs. 1 (TY 2005 certificate of assessment), 7 (T.C. Decision)). Plaintiff's argument is misplaced.

The provision cited by plaintiff exempts from the litigation bar contained in I.R.C. § 6512(a) "any amount collected in excess of an amount computed in accordance with [a] decision of the Tax Court which has become final." I.R.C. § 6512(a)(2). Here, the penalties and interest at issue were assessed in 2006 and 2007, see Def.'s Ex. 1 (TY 2005 certificate of assessment) 2 (showing 2006 assessment), 4 (showing 2007 assessment), and were paid by plaintiff before plaintiff filed suit in the Tax Court in October 2009, see Pl.'s Resp. 9 (stating that plaintiff paid the assessed penalties and interest "under protest, and then timely filed a refund claim with the [IRS]"); Def.'s Mot. 2 (stating that plaintiff paid the 2006 assessment in full on March 15, 2007 and the 2007 assessment in full on October 1, 2007). Plaintiff's Tax Court case was resolved by a stipulated decision, stating that there remained "a deficiency in income tax due from petitioner for the taxable year 2005 in the amount of $383,743.00" but no "penalty due . . . under the provisions of I.R.C. § 6662(a)." Def.'s Ex. 7 (T.C. Decision) 1. The Tax Court decision, therefore, pertained only to amounts still due at the time of the decision. See id. Penalties and interest paid prior to the Tax Court decision cannot be said to have been "collected in excess" of the remaining $383,743 balance determined by the Tax Court. Cf. I.R.C. § 6512(a)(2).

In addition, to the extent that plaintiff can be understood to argue that failure-to-pay penalties "are not 'tax'" pursuant to I.R.C. § 6665(b), cf. Pl.'s Resp. 11 (arguing that, because failure-to-pay penalties "are not 'tax' . . . the Tax Court does not have jurisdiction to adjudicate them"), 21-23 (similar), and therefore are not subject to subject to the bar in I.R.C. § 6512(a), plaintiff is mistaken. Section 6665(b) states that failure-to-pay penalties are not treated as tax only "[f]or purposes of subchapter B of chapter 63 (relating to deficiency procedures[)]." I.R.C. § 6665(b). "Section 6512, however, is not part of subchapter B of chapter 63." Judge v. Comm'r, 88 T.C. 1175, 1183 (1987), acq. 1988-2 C.B. 1. For matters outside of subchapter B of chapter 63 of the Internal Revenue Code, failure-to-pay penalties are treated as tax. Cf. id. (stating that a "literal reading" of the applicable provisions "lead[s] to the conclusion that all additions to a tax are to be considered part of such tax in determining the amount of an overpayment"); I.R.C. § 6665(a)(2) (stating the general rule that "any reference in [the Internal Revenue Code] to 'tax' imposed by [the Internal Revenue Code] shall be deemed also to refer to . . . additions to the tax, additional amounts, and penalties"). Because plaintiff now seeks "a refund of income tax for the same taxable year" as to which plaintiff received a notice of deficiency and filed a petition in the Tax Court--that is, plaintiff seeks a refund of penalties and interest assessed and paid in relation to plaintiff's 2005 tax year, cf. I.R.C §§ 6665(a)(2) (treating penalties as tax, generally), 6601(e)(1) (treating interest as tax,

13

generally)--this court lacks jurisdiction over plaintiff's claim, cf. I.R.C. § 6512(a); Smith, 495 F. App'x at 48.

For the foregoing reasons, defendant's Motion, to the extent that it seeks dismissal for lack of jurisdiction, is GRANTED and, to the extent that it seeks dismissal for failure to state a claim upon which relief can be granted,[9] is DENIED as MOOT. The Clerk of Court SHALL ENTER JUDGMENT for defendant. No costs.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge

---

[9] The court notes that, based on the facts alleged by plaintiff, plaintiff's present claim would likely be barred even if I.R.C. § 6512(a) were not applicable. Because the Tax Court's jurisdiction attaches "to the entire subject" of the tax year before it, see Erickson v. United States, 159 Ct. Cl. 202, 216, 309 F.2d 760, 767 (1962), and because plaintiff petitioned the Tax Court for a redetermination of its 2005 tax deficiency, see generally Def.'s Exs. 6 (Pet., Cheesecake Factory, Inc. v. Comm'r, No. 23591-09 (T.C. Oct. 5, 2009)), 7 (Cheesecake Factory, Inc. v. Comm'r, No. 23591-09, slip op. (T.C. Aug. 26, 2010)), the court--even if it had jurisdiction--would likely be required to dismiss plaintiff's claim based on a theory of res judicata, see Curtin v. United States, 102 Fed. Cl. 769, 772 (2012) ("[W]hen a taxpayer petitions the Tax Court for a redetermination, the Court of Federal Claims must dismiss any claims seeking a refund of overpayments."); see also Erickson, 159 Ct. Cl. at 217, 309 F.2d at 768 (stating that a Tax Court decision entered on the basis of a stipulated agreement is res judicata for the years involved).