# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| SANDRA HATHCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-1557T |
| v. | ) | (Filed: December 6, 2021) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Sandra Hathcock*, Pro Se, Buffalo, NY.

*Patrick Phippen*, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

The pro se plaintiff in this case, Sandra Hathcock, seeks relief from a Notice of Deficiency the Internal Revenue Service ("IRS") issued her on November 2, 2020. See Compl. at 1, Docket No. 1. Specifically, she requests that the Court "reinstate[]" her status as head of household so that she may recover "the earned income credit and additional child tax credit" she claimed on her 2019 tax refund. Compl. at 3.

Presently before the Court is the government's motion to dismiss Ms. Hathcock's complaint for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). See Def.'s Mot. to Dismiss ("Def.'s Mot."), Docket No. 8. For the reasons set forth below, the government's motion under RCFC 12(b)(1) is **GRANTED**, and the complaint is **DISMISSED** without prejudice.[1]

---

[1] Along with her complaint, Ms. Hathcock filed a motion for leave to proceed in forma pauperis. Docket No. 2. Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates the plaintiff's inability to both pay the fee and still provide for herself and any dependents is sufficient. See id.; see also Waltner v. United

## BACKGROUND

When Ms. Hathcock filed her 2019 income tax return, she claimed her two granddaughters as dependents, filed as "head of household," and requested a refund in the amount of $3,419.00. Compl. Ex. 4(a), Docket No. 1-3.[2] The IRS did not issue the requested refund, but instead, on February 17, 2020, notified Ms. Hathcock that her return had been selected for audit. App. to Def.'s Mot. to Dismiss ("App. to Def.'s Mot.") at 2−3, 18−20, Docket No. 8-1.

On November 2, 2020, the IRS issued Ms. Hathcock a Statutory Notice of Deficiency ("Notice"). App. to Def.'s Mot. at 4–6. In the Notice, the IRS rejected her claim that her grandchildren were her dependents and as a result, found her ineligible for head of household filing status, as well as for the earned income or child tax credits. Compl. at 1; App. to Def.'s Mot. at 4–6. The IRS' determination increased Ms. Hathcock's tax liability to $5,970.00—an amount $2,551.00 over her requested refund. Compl. Ex. 5(a). The IRS also imposed an additional $510.20 in penalties and interest. Id. 5(b).

Ms. Hathcock filed a timely petition in United States Tax Court on January 11, 2021, challenging the IRS' deficiency determination. App. to Def.'s Mot. at 9–10. That case is currently pending. See Hathcock v. Comm'r, No. 1849-21 (T.C. Jan. 11, 2021).

In the meantime, on February 4, 2021, Ms. Hathcock attempted to file a supplemental pleading in the Tax Court. App. to Def.'s Mot. at 24–25. The Tax Court incorrectly docketed the pleading as a new petition, and then dismissed the new pleading as duplicative on July 1, 2021. See Hathcock v. Comm'r, No. 5593-21 (T.C. July 1, 2021), Docket No. 10.[3]

---

States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation and citations omitted). Ms. Hathcock has made the requisite showing, and her motion for leave to proceed in forma pauperis is **GRANTED**.

[2] Plaintiff's Complaint is accompanied by a series of exhibits, see Docket No. 1-3, which are paginated by hand. The Court refers to the exhibits' hand-numbered pagination.

[3] Although not relevant to the disposition of the pending motions to dismiss, the Court notes that during this period of time, on March 15, 2021, the IRS prematurely assessed the additional tax, removal of credits, and the accuracy penalty described in the November 2, 2020 Notice of Deficiency, plus $61.64 in underpayment interest, leaving Ms. Hathcock with a balance due of $3,122.84. App. to Def.'s Mot. at 2–3; see I.R.C. § 6213(a) (providing in pertinent part that the IRS may not assess a tax until a decision of the Tax Court becomes final following the timely filing of a petition). On April 23, 2021, the IRS reversed the assessment, and issued the requested refund (in the amount of $3,419.00) plus the overpayment interest it had improperly assessed, in accordance with I.R.C. § 6213(a). App. to Def.'s Mot. at 3. Ms. Hathcock's IRS Account Transcript reflects that upon the reversal of the assessment, as of May 31, 2021, she had no outstanding tax liability. See id.

Apparently under the impression that the Tax Court had "denied" her original claim, Ms. Hathcock filed this action less than one week later, characterizing her complaint as a "petition against the U.S. Tax Court." Compl. at 1. She seeks a determination that she is entitled to head of household status and to "the earned income credit and additional child tax credit" to "wipe the slate clean." Id. at 3.

**DISCUSSION**

In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may "inquire into jurisdictional facts" to determine whether it has jurisdiction, Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991), and may consider all pleadings as well as matters of which it may take judicial notice, see Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (citing RCFC 10(c)). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Further, though it is well established that complaints filed by pro se plaintiffs (like this one) are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The Tucker Act grants the Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Congress provided the necessary waiver of the United States' sovereign immunity with respect to suits brought against it for the refund of federal taxes in 28 U.S.C. § 1346. That provision states that the Court of Federal Claims has concurrent jurisdiction (with the district courts) over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1).

This grant of jurisdiction, however, is subject to the statutory bar set forth at I.R.C. § 6512. Section 6512(a) provides, with limited exceptions not relevant here, that a taxpayer cannot file suit in "any court" seeking a tax refund for the same taxable year as to which they received a notice of deficiency and filed a petition with the Tax Court. Smith v. United States, 495 F. App'x 44, 48 (Fed. Cir. 2012); see also Cheesecake Factory Inc. v. United States, 111 Fed. Cl. 686, 692 (2013) (same); Solitron Devices v. United States, 862 F.2d 846, 848 (11th Cir. 1989) ("A bar to the exercise of jurisdiction by the district court over a tax case is triggered when the taxpayer files a petition with the Tax Court.").

Because Plaintiff properly and timely filed a petition in the Tax Court regarding the Notice of Deficiency issued with respect to her 2019 tax return, this Court lacks jurisdiction over

her claim. Accordingly, the government's motion, Docket No. 8, is **GRANTED**, and Plaintiff's complaint is **DISMISSED** without prejudice.

      **IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge